BAILLIO ET AL. *vs.* INNIS'S EXECUTORS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

The general provision of law is, that " nuncupative wills under private signature," must be attested by five witnesses residing in the place, or seven residing elsewhere ; but there is an exception in regard to this form of wills made *in the country,* that three witnesses residing in the place, or five elsewhere will suffice ; *provided, that in this case a greater number cannot be had.*

WESTERN DIST.

Oct. 1838.

BAILLIO ET AL.
vs.
ENNIS'S EX'RS.

It must be shown, that a greater number than three witnesses could not be had ; or if it appears that a greater number might have been had to a nuncupative will, under private signature, made in the country, it will be annulled for want of the legal formalities.

This is an action instituted by the legal heirs of Mrs. Ellen Innis, deceased, against her executors, to annul and set aside her last will and testament.

The plaintiffs allege that the will is null, for want of the essential formalities required by law, because it is not stated that it was dictated by the testatrix ; of its having been read to her in the presence of the notary and witnesses, by whom it was written, and that it does not state all the formalities were gone through without interruption, and turning aside to other business ; that the testatrix knew not how to write, yet no mention is made of her declarations to that effect, or the reasons for not signing her name ; and, in fact, none of the formalities of law have been complied with, either in the making the will or admitting it to probate. The plaintiffs further state, that the will contains a substitution and *fidei commissum*, which is reprobated by law.

The plaintiffs further allege, that they are the brothers and sisters, and other heirs at law of the testatrix, and as such entitled to inherit her estate ; that the executors have gone on to administer and take into their possession, all the property of said estate, and have rendered no account, and that no partition has been made thereof.

Wherefore, they pray that the executors and all those who claim under the will be cited ; and that the said will and the probate thereof, be annulled and set aside as illegal and informal ; that they be recognized as heirs, and the executors required to render an account of their administration, and the property of the estate ; and that a final partition be made between all the legal heirs and representatives of the deceased, Mrs. Ellen Innis. Finally, that the executors be condemned to pay five thousand dollars damages, and thirty thousand dollars for the use, enjoyment, interest and profits of the said estate.

The defendants pleaded a general denial, and further

averred, that the will attacked in the petition is good and valid in law ; and that they have a good and valid title under the will to all the property of the deceased, and which is claimed by the plaintiffs. They pray that the said will be confirmed and established.

Upon these pleadings and issues the cause was tried before the judge of probates.

THE WILL.—" I, Ellen Innis, do make and ordain this my last will and testament : first, to my beloved husband, Alexander Innis, I give and bequeath all my property, both real and personal, during his natural life ; and at his death I give and bequeath the whole of my property, both real and personal, to my brothers, John L. Baillio and Auguste Baillio, to be equally divided between them, except two thousand dollars, which I give to John Westley, an orphan boy, whom I have raised, and who is at this time with me ; the money to be put out at interest by my executors hereafter named, and be given to him when he arrives at the age of twenty-one years.

" Lastly, I nominate and appoint my beloved husband, Alexander Innis, and my brother, John L. Baillio, executors of this my last will and testament, hereby revoking all others, etc.

" In testimony whereof, I hereto subscribe my name, in presence of the undersigned notary public, and the three subscribing witnesses, who were called at my request, at Alexandria, this 5th May, 1827.

" ELLEN <sub>Her</sub> ⋈ <sub>Mark.</sub> INNIS."

" Mrs. Innis not being able to write her name, I have done it at her request.       · " J. B. SCOTT.

" Done before me, - - J. B. SCOTT, *Notary Public.*

*Witnesses.*

" JAMES BOWIE,

" S. E. CUNY,

" J. B. HENNO.

       " *Ne varietur.*" " J. H. J. *Parish Judge.*",

WESTERN DIST.    On the 17th November, 1834, the judge of probates for
Oct. 1838.    the parish of Rapides, states in his *procés verbal*, that Alex-
BAILLIO ET AL.    ander Innis, one of the executors of Mrs. Innis's will, came
vs.    into court, and requested that the last will and testament of
INNIS'S EX'RS.    Mrs. Ellen Innis, heretofore deposited in the office of the
parish judge, etc., be opened, proved, and admitted to
record ; and the death of Mrs. Innis being proved, and the
will opened, came Stephen E. Cuny, one of the subscribing
witnesses to the will, who being duly sworn and examined
in presence of J. B. Scott, notary public, deposes and says,
he recognizes the testament presented to him, as being the
same executed in his presence, by Mrs. Ellen Innis, by mak-
ing her ordinary mark thereto ; that he recognizes his signa-
ture as one of the witnesses to said will, as well as the sig-
nature of James Bowie, and J. B. Henno, the other subscrib-
ing witnesses, the former of whom resides out of the United
States, and the latter is dead ; and that the will was signed
in their presence.    The will was then read in a loud voice,
and paraphed by the notary.

S. E. Cuny, one of the witnesses to the will, was called
and sworn on the trial, and testified to the execution of the
will, and to the signatures of the other witnesses, Bowie and
Henno, who were dead ; that the will was written and
signed by the testatrix, on board of a steam-boat then lying
at the town of Alexandria ; that the steam-boat left a very
short time after signing the will ; that the will was read to
the testatrix in the presence of the witnesses, and that she
was unable to write at the time.    Witness supposes the popu-
lation of Alexandria in 1827, was between five and seven
hundred, one half blacks ; that there were from fifty to a
hundred white men residing in Alexandria.

J. B. Scott, a witness, and who signed the will as a
notary, says, Mr. and Mrs. Innis desired him to make their
wills ; that she wished to give her property to her husband
during his life, and Mr. Innis wanted to give his to his wife
during her life, with the exception of some donations ; that
Mr. and Mrs. Innis were on board a steam-boat in Red River,
at the landing at Alexandria, on their way to the North ;

that Mrs. Innis was unwell, and they both wanted their wills written immediately as the steam-boat was about starting. He wrote the will and read it to Mrs. Innis, in presence of the witnesses, who declared it to be her last will and testament. She, not being able to write, made her mark. Thinks they had some difficulty in getting the witnesses they did get. All the parole testimony was objected and excepted to by plaintiff's counsel, as inadmissible, against a written instrument, etc.

A plan of the town of Alexandria, was in evidence, to show the steam-boat lay out of the town limits, and that the will was made in the country.

Upon the whole evidence, the judge of probates was of opinion the will was good and valid as a nuncupative will, under private signature. Judgment was rendered, confirming and establishing the will, from which the plaintiffs appealed.

*Winn* and *Brent*, for the plaintiffs.

*Dunbar*, for the defendants.

*Martin, J.*, delivered the opinion of the court.

The plaintiffs, heirs at law of Ellen Innis, deceased, are appellants from a judgment of the Court of Probates, which establishes her last will and testament. This instrument, to which the form of a nuncupative will by authentic act was attempted to be given, is admitted to be invalid as such, but it is contended, that it is good as a nuncupative will, under private signature. The principal objection, is, that it was subscribed by four witnesses only, one of whom was the notary. The appellee's counsel has contended, that three witnesses sufficed; and if more be required, they have shown that as the will was executed in the country, the impossibility or great inconvenience of obtaining them, forms an exception to the general rule.

The will appears on the face to have been executed in the town of Alexandria, and parole evidence has been introduced

WESTERN DIST.   to show that it was made on board of a steam-boat, moored
Oct. 1838.      at the landing before the town. Exceptions were taken to
BAILLIO ET AL.  the admission of the parole evidence, but we have deemed it
vs.             useless in deciding this case, to inquire into the admissibility
INNIS'S EX'RS.  of the evidence, because it has appeared to us immaterial to
the issue.

Admitting that the steam-boat, while thus moored, was
The general
provision of law in the country, and not within the limits of the town, the
is, that, "nuncu- will has been considered as made in the country. Its date
pative wills un-
der private sig- is posterior to the promulgation of the Louisiana Code, which
nature," must be provides that nuncupative wills, under private signature,
attested by five
witnesses resid- may be made in the presence of five witnesses, residing in
ing in the place,
or seven residing the place, or of seven residing elsewhere. *Louisiana Code,*
elsewhere; but *article* 1574. There is, however, an exception, in regard to
there is an ex-
ception in regard wills made in the country. There, three witnesses residing
to the form of
wills made *in the* in the place where the testament is received; or five residing
*country, that* elsewhere will suffice, "provided, *that in this case,* a greater
three witnesses
residing in the number of witnesses cannot be had." *Louisiana Code,* 1576.
place, or five
elsewhere, will The counsel for the appellees have contended, that the
suffice; *provid-* words, "*in this case*" relate only to a will, in which the wit-
*ed, that a great-*
*er number cannot* nesses reside out of the place. The appellant's counsel, on
*be obtained.* the contrary, urges, that these words relate to every will
made in the country; in other words, that the same number
of witnesses required to a will made in town, must be had to
a will made in the country, unless such a number *cannot
be had.*

The appellee's counsel has drawn our attention to the
corresponding article in the Civil Code of 1808, page 228,
article 98, in which the words "*in both cases*" are used,
instead of the words, *in this case,* in the Louisiana Code,
which excludes the extension of the *proviso* to a will hav-
ing three witnesses. The article cited from the old code,
treats of wills and codicils, and the words "*both cases*"
relate to those cases in which a will or codicil is made. We,
therefore, conclude, that there is no difference between a will
made in town and in the country, as to the number of wit-
nesses required, when that number can be had. This con-
fines our inquiry to a mere question of fact, to wit : whether

WESTERN DIST.
Oct. 1838.

BAILLIO ET AL.
vs.
INNIS'S EX'RS.

a fifth witness to the will under consideration, might have been had.

One witness has deposed, that there was some difficulty in getting the witnesses which were obtained. There is not a tittle of evidence from which it may be inferred that any attempt was made to obtain more. Nor even that the notary, or any one else, thought that more were necessary ; or that there was any intention of making any other will than a nuncupative will by authentic act. A notary was resorted to, and he took with him three witnesses, the number required by law, for a will of this kind. *Louisiana Code, article* 1571.

If a nuncupative will, by private act, had been intended, it is probable that it would have been easy to find on board of the boat, another witness, which, with the other three, and the notary, would have completed the number required for such a will, even if none could have been obtained in town. There is generally on board a steam-boat, a captain, mate, clerk, pilot and engineer, who, it may be supposed, are able to sign their names. If none of these could be had, and there were no passengers, any of the boat hands might have been taken, for it is not necessary that all the witnesses to a will should be able to write their names. It is difficult to assent to the proposition that the testatrix was alone on board, surrounded only by slaves or females, who cannot be instrumentary witnesses. We much more readily assent to the proposition of the appellant, that it having been discovered that the will wanted most of the legal formalities necessary for a nuncupative will by authentic act ; an after thought occurred, to attempt to support it as a nuncupative will by private act, and for this purpose it has been endeavored to prove, that a greater number could not be had. In this, it appears to us, the appellees have failed.

It must be shown, that a greater number than three witnesses could not be had ; or, if it appear, that a greater number might have been had to a nuncupative will, under private signature, made in the country, it will be annulled for want of the legal formalities

Our learned brother, in the Court of Probates, has expressed, and with great ingenuity supported a different opinion, but we have not been able to concur with him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and

WESTERN DIST.  reversed ; and that the instrument offered by the appellees,
Oct. 1838.  as the will of Ellen Innis, be rejected and set aside, and that
PAIGE ET AL.  the cause be remanded for further proceedings according to
vs.  law ; the costs of the appeal to be paid by the succession of
SCOTT'S HEIRS.  the deceased.