EASTERN DIST.
*March,* 1840.

VERDUN'S HEIRS *vs.* VERDUN'S EXECUTOR AND LEGATEES.

VERDUN'S HEIRS
*vs.*
VERDUN'S
EXECUTOR
AND LEGATEES.

APPEAL FROM THE COURT OF THE SECOND DISTRICT, FOR THE PARISH OF TERREBONNE, THE JUDGE THEREOF PRESIDING.

Where a nuncupative will, by public act, states only that the "testator declared, in the presence of the witnesses, that the instrument contained his last will and testament, being dictated to the notary, in the presence of the witnesses," it is *insufficient* and *null* for informality ; there being no mention of its having been *dictated by the testator to*, and written by the notary *as dictated.*

There must be five witnesses to a nuncupative will under private signature, unless it is made in the country, and a greater number than *three witnesses* cannot be obtained, which must be made to appear.

This is an action by the collateral heirs of Alexander Verdun, deceased, to annul his last will and testament, and to recover his estate as heirs at law, from his legatees. The plaintiffs allege the nullity of this will on the following grounds :

1st. Because it does not appear that the witnesses reside in the place where the will was made.

2d. It does not appear that the will was dictated by the testator.

3d. It is not stated that the will was written by the notary as dictated, or written by him at all.

4th. Because it is not mentioned that the testator declared that he did not know how to sign his name, when he made his ordinary mark.

5th. It is not stated that the testator made his ordinary mark in the presence of the witnesses.

6th. No express mention is made of the accomplishment of the requisite forms, or that all those forms have been fulfilled.

7th. It is not mentioned that all the formalties were fulfilled at one time, and without interruption and turning aside to other acts.

The will was drawn up by the parish judge, in the form of a nuncupative will, by public act, in the presence of and signed by three witnesses. In the body of the act, it is merely

stated that the testator declared, in the presence of the witnesses, that the act contained his last will and testament; being dictated to the notary in the presence of the witnesses in a loud and intelligible voice.

The defendants denied that the plaintiffs were heirs of Alexander Verdun, deceased, and averred, that the will was made in due form of law, and valid; but if it is not valid as a nuncupative testament by public act, it is good as a nuncupative will under private signature : that the legatees were capable of receiving from the testator, by donation, *mortis causa*, and have a right in law to hold the property, and are not subject to any reduction. Upon these pleadings and issues the cause was tried.

A witness was sworn and examined, to show that the will was made in the country, and that more than three witnesses could not be had. In this, the defendants failed, for it appeared there was no attempt to obtain more than three witnesses. In fact the will was written by the parish judge, and intended to be a nuncupative will by public act, with three witnesses.

The legatees were illegitimate colored children of the testator, together with their mother..

The plaintiffs established their heirship to the deceased, and had judgment annulling the will, and putting them in possession of the estate. The defendants appealed.

*Splane,* for the plantiffs, insisted on the affirmance of the judgment.

*Miles Taylor,* for the appellants, relied upon the will being good as a nuncupative testament, under private signature : that proof of the descent of the defendants and legatees, they being free illegitimate colored children, from a white father, is prohibited by law, and ought not to have been admitted. They are not prohibited by law from receiving donations *inter vivos* or *mortis causa,* and the testator had a right to bequeath them his whole estate.

EASTERN DIST.

*March,* 1840.

VERDUN'S HEIRS
*vs.*
VERDUN'S
EXECUTOR
AND LEGATEES.

VERDUN'S HEIRS
*vs.*
VERDUN'S
EXECUTOR
AND LEGATEES.

Where a nuncupative will, by public act, states only that the "testator declared, in the presence of the witnesses, that the instrument contained his last will and testament, being dictated by the notary in presence of the witnesses," it is *insufficient and null*, for informality, there being no mention of its having been *dictated by the testator to*, and written by the notary *as dictated*.

There must be five witnesses to a nuncupative will under private signature, unless it is made in the country, and a greater

*Simon, J.*, delivered the opinion of the court.

This is an action instituted by the legal heirs of one Alexander Verdun, for the purpose of annulling a certain instrument, purporting to be his last will and testament, made in the form of a nuncupative testament, by public act. Several grounds are alleged in the petition, for which the plaintiffs contend that the testament ought to be declared null and void, and among others, that it does not appear that the testament was dictated by the testator, that it was written by the notary ; and that no mention is made, that it was written by the notary as it was dictated by the testator. The parts of the will relative to the legal formalities, are as follows : " *Pardevant, &c., est comparu, &c. Lequel etant sain de corps et d'esprit ainsi qu'il nous a paru mais bien persuadé de la fragilité des choses humaines et de la vie, et voulant en outre mettre ordre à ses affaires en cas que son creatéur le rappéle à lui déclare en presence des sieurs Joseph Delaporte et Auguste H. Verret et Henry C. Thibodeaux témoins domiciliés et requis à cette effet, son testament et act de dernière volanté, ainsi qu'il suit ; savoir.*" And, at the close : " *Ce testament en à été dicté à moi dit juge en présence des témoins ci-dessus nommés soussignés et l'ayant lu au testateur à haute et intelligible voix en présence des dites témoins il à déclaré parfaitement comprendre et y persévérer. En foi de quoi le dit comparant a signé, &c.*"

It is perfectly clear, that the will attacked in this suit is not clothed with the legal formalities necessary to make it valid ; it contains no mention of its having been dictated by the testator to and written by the notary, and written by the notary as dictated by the testator. We are, therefore, of opinion, that the district judge did not err in invalidating said will, as it suffices that if a testament be defective in one of the legal requisites to be invalidated, it becomes unnecessary to examine the other grounds of nullity.

But it is contended, that if this testament be null as a nuncupative will by public act, it is good as one under private signature. It is true, that this last kind of testaments are not subject to the same strictness of formality as those by public act ; and that it does not matter whether the testator

intended to make his will in a particular form, if it be good in one of the forms prescribed by law. *Louisiana Code, article* 1574, 1575 *and* 1583. But in order to make a valid testament under private signature, it is necessary that it should be received by five witnesses; unless, the testament being made in the country, a greater number than three witnesses cannot be procured. *Louisiana Code, article* 1576. In this case, it does not appear that more than three witnesses could not be had, and it is not even shown that any attempt was made to get more witnesses than the number required for a nuncupative will by public act. 1 *Martin, N. S.* 488.

EASTERN DIST. *March*, 1840.

number than *three witnesses* cannot be obtained, which must be made to appear.

We think that the testament of A. Verdun, is also void as a nuncupative will under private signature, and that the district judge did not err in giving judgment in favor of the plaintiffs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.