## SAMUEL C. FALKNER and Wife *v.* SAMUEL FRIEND, Executor.

The article of the Civil Code providing that a will written out of the presence of the witnesses shall be presented in their presence and declared by the testator to be his, does not require a manual presentation; it will suffice, if after the instrument has been read to him in their presence, he declares to them that it contains his last will.

The great difference between a nuncupative will by public act and one under private signature is, that the former must make full proof of itself, and bear on its face evidence that all the formalities necessary to give it validity have been complied with, while the latter need not mention the fulfilment of any formalities, it being sufficient if it appear when the will is admitted to probate, that they have been observed.

When all the requisites pointed out by law for the validity of a nuncupative will by public act do not appear from the instrument itself, the will must be declared null, because no omission to mention such requisites can be supplied by testimony.

The omission of a material circumstance in the probate of a nuncupative will under private signature, can only prevent its execution. It must clearly appear from the testimony that some of the formalities required by law in making such a will have been omitted, before it can be annulled.

To authorize the admission to probate of a nuncupative will under private signature, executed in the presence of only five witnesses, it must appear from the will or from testimony offered to the judge of the court of probates, that they resided in the place where the will is received, or that a greater number of witnesses could not be had.

APPEAL from the Court of Probates for the parish of Claiborne, *Peets, J.*

The plaintiff, Mary A. V. Falkner, was the only child of Francis Flournoy, deceased.

MORPHY, J. The plaintiffs are appellants from a decree ordering the execution of the last will and testament of the late Francis Flournoy, deceased. They have contended in this court that the said will which purports to be a nuncupative one under private signature, is null and void on a variety of grounds, of which the most material are:

1. That it does not appear to have been written by the testator himself, or by any other person from his dictation, or even by one of the witnesses, or that the testator *presented* the paper on which he had written the will, or *caused it to be written out of their presence*, declaring to them (the witnesses) that that paper contained his last will.

Falkner and Wife *v.* Friend, Executor.

2. That it does not appear to have been executed in the presence of five witnesses *residing in the place.*

The Civil Code provides for the validity of this kind of testament that it shall be written by the testator himself, or by any other person from his dictation, or even by one of the witnesses, in presence of five witnesses *residing in the place* where the will is received; or of seven witnesses residing out of that place; or that it will suffice, if in the presence of the same number of witnesses, the testator presents the paper on which he has written his testament, or caused it to be written, out of their presence, declaring to them that that paper contains his last will. Civ. Code, art. 1574. The will which the plaintiffs seek to annul comes under the second clause of this article. It does not clearly appear from the *process verbal* of the probate of this will that the testator *presented* it to the witnesses and declared it to be his; but we have held in the case of *Bouthemy* v. *Dreux et al.*, 12 Martin, 645, that the presentation of the will need not be manual, and that the law is complied with if after the instrument has been read to the testator in the presence of the witnesses he declares to them, as the evidence shows was done in this case, that it contains his last will and testament. The testimony does not show, however, that the testator *had caused it to be written out of the presence of the witnesses,* which circumstance is perhaps not immaterial, but upon which, however, we express no opinion, as the second ground appears to us well taken. Neither the will, nor the testimony received by the judge to prove it, shows that the five witnesses to whom the will was presented resided in the parish of Claiborne; their residence in the place not appearing, there should have been seven witnesses present; unless, as provided by article 1576, a greater number of non-resident witnesses than five could not be procured. The sufficiency or insufficiency of the number of witnesses present at the making of this will, depends on circumstances which may have existed, although they do not appear from the *process verbal* drawn up by the probate judge, to wit: the residence of the witnesses in the parish, or the impossibility of obtaining a greater number than five. It appears to us that the evidence which the probate judge had before him in relation to this will did not authorize him to decree its execution, but it does not necessarily follow that the will itself is null and void. The great

difference between a noncupative will by public act and one under private signature, is that the former must make full proof of itself, and bear on its face the evidence that all the formalities necessary to give it validity have been complied with, while the latter need not mention the fulfilment of any formalities. It is sufficient if when the will is probated, they appear to have been observed. From this difference it follows that when all the requisites pointed out by law for the validity of a will by authentic act do not appear from the instrument itself, the will must be declared null and void, because no omission in the mention of such requisites can be supplied by testimony ; while the omission of a material circumstance in the probate of a nuncupative will under private signature can only prevent its execution, which should not be decreed until it has been regularly proved to have been made according to law. The validity of a will of this kind cannot be made to depend on the omission of the judge to put proper questions to the witnesses, who appear before him to testify in relation to the facts material to probate the will; it must clearly appear from the testimony that there has been an omission of some of the formalities required by law in the making of a will of this kind, before it can be annulled.

It is therefore ordered that the judgment of the.court of probates decreeing the execution of the last will and testament of the late Francis Flournoy be reversed, and that this case be remanded for further proceedings, the defendant and appellee paying the costs of this appeal.

*McGuire* and *Downs*, for the plaintiffs and appellants.

*Friend*, for the defendant.