## MARIA, and another *v.* WILLIAM E. EDWARDS, Executor, and another.

Article 1576 of the Civil Code, which provides that in the country it suffices for the validity of nuncupative testaments, under private signature, that they be passed in the presence of three witnesses residing in the place where the testament is received, or of five witnesses residing out of that place, provided that a greater number cannot be procured, does not contemplate a physical or absolute impossibility. Reasonable diligence to procure the witnesses, is all that is required.

The formalities and conditions required by law for the emancipation of slaves, cannot be dispensed with by a testator who orders his slaves to be set free, any more than by a master who desires to emancipate them during his life time.

APPEAL from the District Court of Iberville, *Nicholls,* J.

MORPHY, J. The petitioners sue for their freedom under the last will of the late James Goodbee. The evidence in the case shows that on the 5th of December, 1838, a sealed olographic will of the deceased was presented to the Court of Probates of the parish of Iberville. It was, in due course of law, opened, proved, and ordered to be executed. On the same sheet of paper, and below the olographic testament, which bears date the 11th July, 1838, there was an instrument of writing purporting to be a codicil

to the same, dated the 14th of November, 1838, and signed by the deceased in the presence of four witnesses. Of this instrument, which grants to the petitioners their freedom, no notice whatever was taken by the Probate judge, either because it was overlooked, or more probably because he took it for granted that being signed only by four witnesses, it was of no account, and necessarily null. The first will having been duly proved, the defendant, Edwards, was appointed executor, and caused the petitioners to be exposed for sale, with other effects and property of the estate, when they were purchased by his co-defendant, Webb. Subsequent to these proceedings, on the 30th of April, 1840, R. P. Bowie, one of the subscribing witnesses to this codicil, presented a petition to the Probate Court, praying that this instrument might be recognized as the last will and testament of James Goodbee. The four subscribing witnesses were summoned, their testimony reduced to writing, and the will ordered to be recorded and executed. The present suit was then brought, wherein there was judgment below for the plaintiffs. The executor alone appealed.

The only question to be determined is, whether this case comes within the exception established by article 1576, in relation to the number of witnesses required for nuncupative wills, under private signature, when made in the country? The general rule, as provided by article 1574, is that testaments of this kind must be made in the presence of five witnesses, residing in the place, or of seven residing elsewhere. The above mentioned exception declares, that with regard to wills made in the country, three witnesses residing in the place, or five residing elsewhere, will suffice, provided a greater number of witnesses cannot be had. The testimony shows that at the time of the execution of the last mentioned instrument, the situation of the testator was considered by his physician as extremely precarious. He had been very ill for some time past, and was then in the last stage of a dropsy, which might have caused his sudden death. These apprehensions of the physician are shown to have been well grounded, by the fact of the testator dying the very day after the will was made. The parish judge was sent for to make a will. Being unable to attend, he sent word that a will could be made without his presence, if attested by five witnesses, but that four would be sufficient, if a greater number could not be

procured. In consequence of this suggestion, several fruitless attempts were made to obtain the necessary number of witnesses. It is true that several competent witnesses are proved to have been in the neighborhood, but although some were sent for to complete the requisite number, they did not attend, and there was no means of coercing their attendance. The testator was in a dying condition, and anxious to make his will. There being no hope of obtaining an additional witness on that day, the will was executed in the presence of four witnesses only, and the testator died the following day. Had the testator lived several days after, this will could not perhaps have been considered as valid, because another might have been made with the necessary number of subscribing witnesses. But under the circumstances of this case, we are satisfied, with the Probate judge and the court *a qua,* that a greater number of witnesses could not be obtained. Article 1576 does not contemplate a physical or absolute inpossibility; reasonable diligence to procure the witnesses is all that is required. 1 Martin, N. S., 488. 12 La., 483. The decree of the District Court, however, appears to us to go too far, when it adjudges the petitioners to be absolutely free. There are certain formalities to be fulfilled, and certain conditions required by the laws of the state for the emancipation of slaves, which cannot be dispensed with when a testator orders his slaves to be set free, any more than when a master during his life time wishes to emancipate them. Civ. Code, art. 185. 1 Bullard and Curry's Digest, 428, 429, and 430.

It is therefore ordered that the judgment of the District Court be reversed; and that the slaves Maria and George Joseph be declared to be entitled to their freedom under the will of the late James Goodbee, and that the executor take the necessary steps to have them emancipated according to law; the appellees to pay the costs of this appeal.

This case was argued, *ex parte,* by *Labauve,* for the appellant.