E. Graves, et al. *vs.* D. W. Graves.

A donation above the disposable portion, which is by the terms of the will remunerative and not be-
yond the value of the services will be sustained.

A nuncupative will by public act, should show on its face the fulfillment of those essential formali-
ties, of which the Code requires express mention. Therefore the statement in the will that the same
having been read in an audible voice by *J. Hone*, of the subscribing witnesses, and by me, Notary,
in the "presence of the testatrix" does not necessarily imply that it was read in presence of the
witnesses, and in a will by public act that ingredient cannot be supplied by testimony.

An instrument although invalid as a nuncupative will by public act, may be good as a nuncupative
will under private signature. All the requisites of a will of the latter class are specified in O. O. 1574
and 1575. Express mention of the fulfillment of these requisites is not demanded. Proof aliunde
may be received. Oral proof is admissible that a testament of the latter class was "read by the testa-
tor to the witnesses, or by one of the witnesses to the rest, in presence of the testator," and this is
sufficient without its being so stated in the testament.

APPEAL from the District Court of the Parish of Madison, *Snyder*, J.
*M. Wallace* and *J. Nolan*, for plaintiff and appellant. *Hynes*, for de-
fendant.

Spofford, J. Some of the forced heirs of Mrs. Elenor Graves deceased,
brought this suit to set aside her last will and testament as defective in form
and illegal in substance.

The alleged illegality in the disposing part of her will consists in the bequest
of six slaves, constituting nearly four fifths of the succession, to her son Daniel
W. Graves, thereby depriving her numerous other children of their *legitime*.
The plaintiffs claim that the legacy should be reduced to the disposable portion.

But, by the terms of the will, this is purely a remuneratory donation. The
expressions of the testatrix are "for and in consideration of services rendered
to me by my son Daniel in attending to my business and taking care of me for
some years past," "for a debt I justly owe him, 'the amount of which I con-
sider equivalent to the property bequeathed to him."

The Article 1500 of the Civil Code declares that "remunerative donations
can never be reduced below the estimated value of the services rendered."

The evidence shows the service of the legatee to have been of the most meri-
torious description and not at all inferior in value to the bequest. For about
sixteen years he remained with his widowed mother and his unmarried sisters,
while his brothers were seeking their fortunes elsewhere. He gave up employ-
ments which would probably have been more profitable to himself than the
legacy in question to minister to the comfort of this family, his mother declar-
ing that she could not get along without him. At the death of her husband
they appear to have had but three or four negroes. The industry, economy and
devotion of this son contributed to save and augment the little estate which the
other children now seek to partake equally with him, in spite of the dying
injunctions of their mother.

On this branch of the case we think there is no error in the verdict and
judgment.

But the will is said to be informal and therefore void.

It purports to be a nuncupative will by public act, and as such, it is certainly
defective. Such a will should show, on its face, the fulfillment of those essential

formalities, of which the Code requires express mention. *LeBlanc* v. *Bacas*, 16 L. 82; *Succession of Sparks*, 12 Rob. 36. One of this class of formalities is that the will "be read to the testator in presence of the witnesses." C. C. 1571. The only mention in this will of the reading is as follows: "the same having been read in an audible voice by *John Hone*, one of the subscribing witnesses, and by me notary, in the presence of the testatrix." There are no expressions which necessarily imply that it was read in presence of the witnesses, and in a will by public act that ingredient cannot be supplied by testimony.

But "it suffices for the validity of a testament, that it be valid under any one of the forms prescribed by law, however defective it may be in the form under which the testator may have intended to make it." C. C. 1583.

So this instrument, although invalid as a nuncupative will by public act, may be good as a nuncupative will under private signature, *Verdun* v. *Verdun* 15 L. 28.

All the requisites of such a will are specified in the articles 1574 and 1575 of the Civil Code. But express mention of the fulfillment of these requisites is not demanded as in a will by authentic act. Proof *aliunde* may be received.— *Falkner* v. *Friend*, 1 Rob. 48, *Sophie* v. *Duplessis'* 2 An. 726, *Vernon* v. *Vernon's Heirs*, 6 An. 246.

It is true that Art. 1575 says, a testament of this class "must be read by the testator to the witnesses or by one of the witnesses to the rest, in presence of the testator;" but the testament need not state that this was done; it is enough if it be proved by oral evidence to have been done.

The *proces verbal* of the probate of the will in question, does not show that any such proof was administered before the Clerk; but the form of the instrument may have misled him as to the necessity of such proof. In this suit it has not been established, probably because the pleadings of the plaintiff did not notify the defendants of its importance; the allegations are vague and confined to "defects and informalities patent upon the face of the will."

We think, under the circumstances, that the defendants should not be precluded from showing hereafter that all the requirements of Articles 1574 and 1575 of the Civil Code have been complied with. In the *succession of Sparks* 12, Rob. 40, such a privilege was reserved.

It is, therefore, ordered that the judgment of the District Court be avoided and reversed; it is further ordered that the will of *Eleanor Graves* received by *Lafayette Jones*, a Notary Public of the Parish of Madison, on the 12th day of January, 1853, be declared informal, null and void as a nuncupative will by public act, reserving to the defendants the right of proving the said testament as a nuncupative will under private signature, and all their rights under the same when duly proven; it is further ordered that the defendants pay costs in both Courts.