Weick et al. vs. Henne et al.

*No 10,080.

WEICK ET AL. VS. HENNE ET AL.—WEICK, INTERVENOR.

1. One of the formalities required by the Civil Code in the confection of a testament nuncupative in form, and received by public act, is that the act must be received by a notary in the presence of three witnesses residing in the place when the will is executed; that is to say, in the parish where the instrument is made.
2. This formality must be observed; otherwise the testament is null and void.
3. Such testaments are full proof of themselves. They must bear upon their faces the evidence that all the formalities required by law have been complied with. An omission of any formality cannot be supplied by evidence dehors the testament. Succession of Volmer, 40 Ann. —; 4 South. Rep. 254.

A PPEAL from the Civil District Court, Parish of Orleans.
  Rightor, J.

A. J. Murphy, for Appellant.

B. J. Miller and E. J. Wenck, for Appellees.

The opinion of the Court was delivered by

WATKINS, J.   Certain of the collateral heirs of Francis P. Burger, deceased, seek the annulment of his last will, in which the defendants are named as legatees.   The plaintiffs are two nephews, Jacob F. and William F. Weick, and the defendants are Mrs. Henne, Mrs. Lemon and Magdalena Bisterer, widow of the deceased.   The intervenor, Widow Delia Weick, is the natural tutrix for her five minor children, issue of her marriage with Francis Weick, deceased, another nephew of the testator.   Since this appeal was taken, and appellate jurisdiction has attached, one of the plaintiffs and appellees, Jacob F. Weick, has departed this life, and his widow, Theresa Kranz, has been appointed and confirmed natural tutrix of her five minor children, issue of her marriage with the last-named deceased, and by an order of this court she has been substituted in his place and stead.   Magdalena Bisterer, in her answer, admits the will's nullity, but the other two aver its validity.   There was judgment in favor of Jacob P. Weick, William P. Weick and Magdalena Bisterer, annulling the will, and declaring the plaintiffs to be the legal heirs of Frank P. Burger, deceased, and as such entitled to be placed in possession of said succession,—one-third to each.   There was no deposition whatever made of the demands of the intervenor.   This resulted in

*This case was decided in the month of December, 1888.

a dual appeal,—one brought up by the defendants Mrs. Henne and Mrs. Lemon, and another by the intervenor.

The will is nuncupative in form, and was received by a public act. There are several grounds of nullity assigned, of only one of which we deem it necessary to take notice ; and that one is that there is no express mention made in the act of the residence of the witnesses being "in the place" where it was executed, it being therein stated only that the witnesses were "competent," and "residing in the neighborhood of said Burger," the testator.   One of the formalities required by the Code in the confection of a testament in the nuncupative form by authentic act is that it "must be received by a notary public in the presence of three witnessess residing in the place when the will is executed."   Rev. Civil Code, Art. 1578.   It declares that "by the residence of the witnesses in the place where the testament is executed is understood their residence in the parish where that testament is made ; that residence is necessary only when it is expressly required by law."   Id. Art. 1594.   It further declares that "the formalities to which testaments are subject by the provisions of the present section must be observed ; otherwise the testaments are null and void."   Id. Art. 1595.   Hence such a recital as the one contained in the testament under consideration is wholly insufficient. It should have contained a statement that the witnesses resided "in the place where the will was executed."   Such a recital in a nuncupative testament in authentic form is essential and sacramental.

In Succession of Volmer, 40 Ann. —, 4 South Rep. 254, we held a will wanting this essential requisite to be a nullity, using the following language, viz. :   "the charge against it [the will] is that it was not set forth that the three witnesses are residents of the parish of Orleans, but that they are competent witnesses.   The omission is fatal.   The notary is required by law, under pain of nullity of the act, to express specifically every material fact constituting the competency of himself, and of the officiating witnesses, under the law, in that respect, and also every formality observed in the execution of the will."   The objection urged against the will of Burger is even more serious.   It recites that the witnesses reside "in the neighborhood" of the testator, and not "in the place where the act was executed."   It matters not at what place the testator may reside, but the witnesses must reside in the same parish or "place" as the notary executing the testament.   The omission of the notary to make this statement is fatal to the validity of the will of Burger.

Our attention has been attracted to certain bills of exceptions that were retained by defendants' counsel to the ruling of the judge *a quo* in

rejecting proffered evidence of the residence of the witnesses in the parish of Orleans when the will was executed. We are of the opinion that the ruling was correct, and is sustained by ample authority. The Code declares that "nuncupative testaments received by public act * * are full proof of themselves." Rev. Civil Code, Art. 1647. To be solid, they must bear upon their faces the evidence that all the formalities required by law for their validity have been complied with. When all the legal requirements do not appear from the will itself, it must be declared null, for the reason that the omission cannot be supplied by evidence *dehors* the testament. Swift vs. Swift, 9 Ann. 117; Falkner vs. Friend, 1 Rob. 48. In Succession of Volmer, above cited, we said on this subject: "The act must make full proof on its face of every element necessary to its validity, as no evidence is admissible to supply any deficiency." The evidence was properly rejected.

On the whole, our conclusion is that the judgment appealed from correctly annulled the will of Burger, for the reason that the notary who executed it failed to state that the attesting witnesses were residents of the parish of Orleans, the place where same was executed. But we are of the opinion that it is erroneous in two particulars, viz.: (1) In failing to dispose, in any manner, of the demands of the intervenor. (2) In declaring the two plaintiffs to be exclusive heirs of the testator, Burger. The plaintiffs' petition admits that "the minor children of their deceased brother Francis Weick" are legal heirs, with themselves, of the testator, and entitled to one-third of his estate. Such is the claim set up by their mother as tutrix. Indeed, the judgment itself, while declaring the plaintiffs (of whom there are but two) to be the heirs of Burger, and as such entitled to be put in possession of his succession, yet states their proportion thereof to be one-third only. This is clearly a *non sequiter*, and obviously incorrect, unless the conclusion drawn therefrom by the intervenor's counsel, that the judgment was also in favor of the defendant Magdalena Bisterer, be correct. This deduction is drawn from the language of the judgment, it being in favor of Jacob Weick, William Weick and Magdalena Bisterer. The only legitimate inference to be drawn from the decree, as written, is that, because Magdalena Bisterer has prayed in her answer for the annullment of the will, its nullity was inadvertently decreed in her favor, but it cannot be fairly construed as entitling her to a portion of the estate of her husband.

Under the circumstances, the judgment should be revised and amended so as to recognize the rights of the minors of Francis Weick, represented by their tutrix as intervenor, as heirs of Francis P. Burger, and entitled to one-third of his succession. It is therefore ordered and decreed that

---

the judgment appealed from be amended by decreeing that William F. Weick, the minor heirs of Jacob F. Weick, deceased, and the minor heirs of Francis Weick, deceased, are the sole, exclusive, and equal heirs of Francis P. Burger, deceased; *i. e.*, one-third to William F. Weick, and one-third to the minors of each of his deceased brothers, Jacob and Francis Weick, and placed in possession of his succession; and, as thus amended, same be affirmed at appellees' cost,

Rehearing refused.