(92 South. 363)

No. 23703.

### NORTON et al. v. COMSTOCK et al.

(May 29, 1922.)

*(Syllabus by Editorial Staff.)*

Wills ⊙══144—Three witnesses to nuncupative will held insufficient where there was no emergency.

Civ. Code, art. 1583, authorizing a nuncupative testament under private signature to be made in the presence of three witnesses, instead of five, as required by article 1581, where a greater number of witnesses cannot be had, did not apply, though the testatrix resided on a farm, and no other available witnesses were close by, where she was not critically ill, and was in the habit of going to town every alternate day, and lived for 10 years after the making of the will.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Suit by Henry J. Norton and others against John B. Comstock, testamentary executor, and others. From a judgment annulling a nuncupative will, defendants appeal. Affirmed.

Eraste Vidrine and W. R. Kinsella, both of New Orleans, for appellants.

Albert Guilbault and Daniel J. Murphy, both of New Orleans, and Fred J. Heintz, of Covington, for appellees.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

O'NIELL, J. Defendants have appealed from a judgment annulling a nuncupative will. Although the testament was made in the presence of a notary public, and signed by him, the formalities required for a nuncupative testament by public act were not complied with. It is therefore conceded by the executor and the legatees that the instrument is not valid as a nuncupative testament by public act. They contend that the instrument is valid as a nuncupative testament under private signature. It was decreed invalid in that form because it was made in the presence of only three witnesses besides the notary public.

Article 1581 of the Civil Code requires that a nuncupative testament under private signature shall be made in the presence of five witnesses if they reside at the place where the will is made, or of seven witnesses if they reside elsewhere. Article 1583 makes the exception that, if such a will be made out

in the country, it will suffice to have three witnesses residing at the place where the testament is received, or five witnesses residing elsewhere, provided a greater number of witnesses cannot be had.

The testament in contest was made on a farm, where the testatrix resided, about two miles from a town of about 500 inhabitants. The testatrix was not critically ill when she made the will. In fact she lived 10 years thereafter. It is true there were no other available witnesses on the farm or close by; but the occasion did not call for immediate action. Although the testatrix was somewhat infirm, she was in the habit of going to town every alternate day. She could have made her will there or could have had the necessary number of witnesses come to the farm. The provision in article 1583 of the Code is intended only for cases of emergency, or when the number of witnesses required by article 1581 cannot be had. Fruge v. LaCase, 1 Mart. (N. S.) 488; Baillie v. Innis' Executors, 12 La. 483; Falkner v. Friend, 1 Rob. 48; Ratliff, Tutrix, v. Ratliff, Executor, 7 La. Ann. 117; Verdun's Heirs v. Verdun's Executor & Legatees, 15 La. 28; Fuqua v. Dawson, 22 La. Ann. 82.

Defendants cite and rely upon the rulings in Maria v. Edwards, Executor, 1 Rob. 359, and Kilbourn v. Pennebaker, 23 La. Ann. 700. In each of those cases, the testament was made in an emergency, when the testator was very ill and apt to die suddenly, and when it was not deemed possible to have five witnesses to the making of the will. From the opinion in Maria v. Edwards, Executor, we quote:

"There being no hope of obtaining an additional witness on that day, the will was executed in the presence of four witnesses only, and the testator died the following day. Had the testator lived several days after, this will could not perhaps have been considered as valid, because another might have been made with the necessary number of subscribing witnesses."

And from the opinion in Kilbourn v. Pennebaker we quote:

"The testator, although he lived about thirty hours after he signed his testament, it is clear was in a dying condition. * * * It may not have been impossible to procure more witnesses, but the circumstances which are shown to have existed rendered greater efforts than were used to obtain them unnecessary."

The judgment is affirmed.