180 So. 496

**SOILEAU et al. v. ORTEGO.**
No. 34735.

April 4, 1938.

Bruner & Chambers, of Crowley, for appellant.

O. E. Guillory, of Ville Platte, for appellees.

FOURNET, Justice.

This is an action by collateral heirs of Mrs. Celima Soileau to have declared null and void her last will and testament, and also to set aside the proceedings probating the will, including the judgment sending the legatee thereunder into possession of decedent's estate.

The defense was a general denial. There was judgment in the lower court in favor of plaintiffs, and the defendant has appealed.

Mrs. Celima Soileau died, testate, at her domicile in the parish of Acadia on the 31st of October, 1936, leaving neither ascendants nor descendants, but left as her sole heirs a brother and nephews and nieces. She left a will executed in nuncupative form by public act, in which Mrs. Atile Hutchins Ortego, one of her heirs, was designated universal legatee and executrix without bond. The legatee, by ex parte proceedings, obtained a judgment on November 26, 1937, probating the will as a nuncupative testament under private signature because of certain patent informalities.

Plaintiffs attacked the will on numerous grounds but, on the trial of the case, confined their attack upon the testament as a nuncupative will by private act on the grounds (1) that the decedent did not speak or understand the English language, the language in which the will was written; and (2) that two of the six attesting witnesses were not residents of the place where the will was received. The trial judge annulled the will on the latter ground.

It was admitted by the proponent in her petition to have the will probated that it was invalid as an instrument under public act. However, it may be valid and enforceable as a nuncupative testament under private signature if the formalities and requirements of the Codal articles relative to that form of a will have been complied with. See Graves v. Graves, 10 La.Ann. 212; Prendergast v. Prender-

gast, 16 La.Ann. 219, 79 Am.Dec. 575. This form of will is governed by articles 1581 and 1582 of the Revised Civil Code, which appear in chapter 6, "Of Dispositions Mortis Causa (In Prospect of Death)," section 2, entitled "General Rules on the Form of Testaments."

Under the provisions of the Revised Civil Code, it is required that: "A nuncupative testament, under private signature, must be * * * in presence of five witnesses residing in the place where the will is received, or of seven witnesses residing out of that place." Article 1581, and that "by the residence ,of the witnesses in the place where the testament is executed, is understood their residence in the parish where that testament is made." Article 1594. Under article 1595, it is further provided that: *"The formalities, to which testaments are subject by the provisions of the present section, must be observed; otherwise the testaments are null and void."* (Italics ours.)

In the instant case, it is conceded that two of the witnesses, who were present and signed the will, were residents of Evangeline parish, leaving but three witnesses and the notary as witnesses of the parish of Acadia. But counsel for appellant argued that this court has repeatedly held, as stated in the case of Succession of Beattie, 163 La. 831, 112 So. 802, that: "It is the policy of our law to carry out the wishes of deceased persons and not to push the legal requirements in such cases to extremes. And the tendency of our jurisprudence is to limit the rigid enforcement

of the formalities required in the execution of wills only to those instances in which the law is palpably violated." And that as there is no law either statutory or by precedent covering a case where witnesses to a nuncupative will reside, some in the place and some out of the place where the will was executed, that hence this court must decide the case according to the principles of equity under the provisions of Revised Civil Code, art. 21.

■ As stated in Corpus Juris, Vol. 68, "it is a cardinal rule of construction and interpretation of wills that the intention of the testator as expressed in the will must govern. But the intention to make a will, although clearly stated or proved, will be ineffectual unless the execution thereof complies with the statutory requirements. * * *" Section 275. And: "* * * Any material deviation from the manner of execution prescribed by statute will be fatal to the validity of the will. The fact that there is no fraud, or even suggestion or intimation of it, will not justify the courts in departing from the statutory requirements, even to bring about justice in the particular instance, since any material relaxation of the statutory rule will open up a fruitful field for fraud, substitution, and imposition." Section 276.

■ In the same volume, it is further stated that: "The purpose of the statutes in prescribing formalities for the execution of wills is to guard against and prevent mistake, imposition, undue influence, fraud, or deception, to afford means of de-

termining their authenticity, and to prevent the substitution of some other writing in place thereof." Section 274.

■ The requirements of article 1581 that "a nuncupative testament, under private signature must be * * * in presence of five witnesses residing in the place where the will is received, or of seven witnesses residing out of that place," are "mandatory and subject to strict construction, and if not complied with, the will is void and inoperative." Corpus Juris, Vol. 68, § 314, pp. 671, 672. See, also, Norton v. Comstock, 151 La. 859, 92 So. 363; Succession of Dauterive, 39 La.Ann. 1092, 3 So. 341, and Succession of Jean Pardo, 22 La.Ann. 139. In the latter case the will of the deceased, in the nuncupative form by private act, was attacked on the ground that there were six subscribing witnesses to the act, one of whom did not reside in the place where the will was made, and another did not sufficiently understand the language in which the will was dictated and written to enable him to be a competent witness to the testament. The court held that "the will, therefore, is attested only by four witnesses residing in the place where the will was made, and this is not a compliance with the law," and set aside the judgment of the lower court probating the will, and decreed the will to be invalid.

■ We are of the opinion that in the instant case the mandatory provisions of the Revised Civil Code have not been complied with; and consequently the will is null and inoperative.

For the reasons assigned, the judgment of the lower court is affirmed; costs of appeal to be paid by appellant.

O'NIELL, C. J., does not take part.

LAND, J., absent.