JUAN RODRÍGUEZ PÉREZ, Plaintiff and Appellee, v. JOSÉ MANUEL RODRÍGUEZ, Defendant and Appellant.

No. 8839. Argued November 22, 1943.—Decided January 25, 1944.

R. Cuevas Zequeira and Ortiz Toro & Ortiz Toro for appellant. Dubón & Ochoteco for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The judgment appealed from herein declared nonexistent the will alleged to have been made by José Rodríguez Pérez

in imminent danger of death and in the presence of five witnesses. The same judgment set aside an order of the District Court of Bayamón directing the protocolization of said will in a notary's office in this city.

The designated heir took the present appeal and, without any evidence having been sent up, the legal heir, appellee herein, moved to dismiss the same as frivolous. To that end he has filed a transcript of record duly certified by the attorneys of both parties. The appellant opposes the dismissal on the ground that the questions involved are new in this jurisdiction and should be fully discussed in the hearing of the appeal on the merits.

█ It is the well-settled practice of this court not to entertain a motion to dismiss an appeal as frivolous, where it is necessary to examine the whole of the evidence in order to determine the question involved and we are not placed in a position to do so by a failure to send up the transcript of the evidence. But under the circumstances of the present appeal, we can do without the transcript of the evidence, since the judgment roll and appellant's own motion supply the necessary data to dispose of the questions which we shall presently discuss.

██ The plaintiff attacked the validity of the will on several grounds. Of these we have selected two on which, together with others, the judgment appealed from is predicated;

(a) That the witnesses to the will lacked the qualification of being residents or domiciled in the place where the will was executed, namely, the municipal district of Río Piedras; and

(b) That the names of said witnesses were not stated in the memorandum or note of the alleged oral testamentary provisions which was made by the witness Manuel Martínez Uriarte.

Any of these two grounds if proved, would be sufficient in itself to render the will void.

1. Wills of this kind, as well as all other special wills, answer the well-justified purpose of simplifying and facilitating the exercise of the right to testate by persons who find themselves in exceptional circumstances contemplated by law, that is, in imminent danger of death and without there being a notary present. But inasmuch as a will takes effect only when the testator is no longer alive, certain formalities must be required by the State in order to avoid imposition and fraud, it being further required that the failure to observe those formalities carries with it the avoidance of the will.

Accordingly, it is provided by §650 of the Civil Code that if the testator is in imminent danger of death, he may execute the will before five competent witnesses without the necessity of a notary. And §636 declares void any will in the execution of which there has been a failure to observe the formalities respectively established by chapter I, tit. III, book 3 of the Civil Code, which comprises §§611 to 674, inclusive, under the heading "Wills."

One of the requisites prescribed by law is that the witnesses should be competent, that is, that they should have capacity to be witnesses to a will, and §630 provides that persons who are not residents of or domiciled in the place where the will is executed, saving the cases excepted by law —which exceptions are inapplicable to the present case—can not be such witnesses.

Referring generally to the necessity of observing the formalities prescribed by law in order to insure the validity of wills, the Supreme Court of Spain, in its judgment of December 1, 1927, (179 J. C. 4, 52), said:

"This Supreme Court, in applying Sections 4 and 678 of the Civil Code, has repeatedly and consistently upheld the doctrine that for the will of the testator to prevail it is not enough that the same be definitely known, but that it must be expressed in the manner provided by law, since the requisites prescribed by the former as well as the above-cited legislation are so essential that the lack of

any of them operates to render absolutely void any will which has been made or executed in disregard of any of the requisites that determine its validity. This is so, even though no doubt exists or has been raised as to the fact that the instrument which has not been executed in one of the forms or with all of the essential requisites provided for every testament, exactly contains the last will of the testator, for it is not legally permissible to dispense with any of such requisites."

And in the judgment of February 17, 1882, the same court said:

"It likewise violates the second law relied on, since this Supreme Court has heretofore held that the qualification as to domicile required by the said law of *Novísima Recopilación* from witnesses to wills precisely refers to residents within the same municipal districts where such wills are executed, which qualification was lacking from the alleged attesting witnesses to the so-called will of doña Rosa López Rivadeneyra, inasmuch as that instrument was executed in the municipal district of Valle de Oro and the witnesses resided in that of Alfoz the Castro de Oro. It is immaterial for the purpose of the validity of said instrument that all of them should be members of the same parish; . . .

See also the judgments of the same court of December 31, 1890 (68 *J. C.* 840) February 20, 1893 (73 *J. C.* 241), and October 7, 1904 (99 *J. C.* 91), cited by the trial court, in which wills executed in imminent danger of death were annulled on the ground that all or some of the witnesses were not residents of or domiciled in the municipality where the will was executed.

The commentators on the Spanish Civil Code cited by the appellee in support of the dismissal sought, also agree that the failure to observe the legal formalities in the execution of wills, makes them null and void. We do not deem it necessary to quote the opinions of the various commentators. It will suffice to cite some of them. 5 Manresa, *Comentarios al Código Civil Español*, 571 *et seq.;* 12 Scaevola, *Código Civil*, 283, 286.

The Louisiana Civil Code authorizes a special testament of the kind we are now discussing, to be executed in the presence of five witnesses residing in the parish where it is made, without the necessity of a notary or in the presence of seven witnesses, when these are not domiciled in said place. And §1595 of the same code provides that the failure to observe the formalities prescribed for the execution of wills renders the latter null and void. Applying these legal provisions the Supreme Court of Louisiana, in the case of *Soileau* v. *Ortego* (1938), 180 So. 496, cited by the lower court, annulled a nuncupative will executed before five witnesses on the ground that two of them resided in a parish other than that in which the will was executed.

In the instant case, not two but all of the witnesses resided out of the Municipality of Río Piedras. This being so, we must reach the unavoidable conclusion that the will executed by José Rodríguez Pérez is void. Since no other judgment than the one appealed from would be proper, it would therefore lead to no practical purpose to allow the appeal to stand, if eventually we are to reach the same conclusion which we have reached upon the motion to dismiss.

For the foregoing reasons it is unnecessary to discuss the second ground for nullity, and appellee's motion to dismiss must be sustained and the appeal dismissed as frivolous.

Mr. Justice Snyder did not participate herein.