SANDERS, Justice
(dissenting).
As correctly noted in the majority opinion, a date for a will is unnecessary, unless the pertinent statute requires it. The majority, however, erroneously concludes that the Louisiana Statutory Will requires no date. The error, in my opinion, results from looking primarily to the common law for guidance, without noting that no attestation clause at all is required in the common law. See Atkinson on Wills (2d ed.) § 73, p. 346. When, as here, the Legislature has expressed its will in a statute, the proper approach to any question concerning its subject matter is to look first to the statute. If the statute is clear, resort to an extraneous body of law is unwarranted. LSA-C.C. Arts. 1, 13; State v. Maestri, 199 La. 49, 5 So.2d 499; Ramey v. Cudahy Packing Co., La.App., 200 So. 333.
The statute [1] reads as follows:
“The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto: ‘Signed on each page (or if not signed by the testator, the statement of his declaration that he is not able to sign his name and of the physical cause that hinders him from signing) and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this_day of_, 19-.’ ”
Under the statute, the attestation clause is mandatory. The word shall in the first sentence sets the tone for the entire paragraph. LSA-R.S. 1:3
It is true, as noted by the majority, that the word may appears in the sentence pertaining to the declaration. However, the sentence should be construed in this manner :
“Such declaration may be in [either] the following form or a form substantially similar thereto.”
*1099 Clearly, the statutory form calls for the day, month and year of execution. The question presented is whether a declaration without the day of the month is substantially similar to the declaration in the statute. I think not.
In Heffner v. Heffner, 48 La.Ann. 1088, 20 So. 281, dealing with an olographic will, this Court said:
“The date, in its ordinary sense, imports the day of the month, the month, and the year. * * * The will must be dated, and the month, without the day, is no date.”
As emphasized in that decision, the date narrows the scope of inquiry on such issues as sanity, revocation by later will, compliance with formalities, and forgery.
In passing upon a statutory will, in Succession of Michie, 183 So.2d 436, the Court of Appeal aptly stated:
“The purpose of the statutes prescribing formalities for the execution of wills is to guard against mistake, imposition, undue influence, fraud, or deception, and to afford a means of determining their authenticity and to prevent the substitution of some other writing in place thereof. And, however harsh the application of the rule may appear in a given instance, such fact does not justify any deviation therefrom since any material relaxation of the statutory rule will open up a fruitful field for fraud, substitution, and imposition. Soileau v. Ortego, 189 La. 713, 180 So. 496 (1938).”
In 31 La.L.Rev. 223, Professor Carlos Lazarus commented:
“The statute itself leaves no doubt that in order to be valid, the statutory will must be drawn in substantial conformity with the form established by the statute, among which is the requirement that the will show the day, month, and year, in which it was executed.” [p. 229]
“[T]here is no mistake or ambiguity in requiring a complete date for validity thereof in the legislation pertaining to the statutory will.” [p. 231]
In a comprehensive article on the statutory will in 28 Tul.L.Rev. 288, 295, Mrs. Louise Korns wrote:
“It is well settled that omission of a date or an attestation clause are not fatal to the validity of the ordinary statutory will at common law. In case the attestation clause is left out, due execution of the will is evidenced by the mere fact that the witnesses have signed it. However, in the Louisiana statutory will both an attestation clause and a date appear to be essential, and hence if one or both are left out, the will would probably be held invalid.”
Despite the circumstance that the general concept for this type of will came from the common law, our Legislature has not only the right but the duty to fashion the *1101 testamentary safeguards in keeping with the best interest of our state. It has done so in unmistakable terms. In my opinion, the Court of Appeal correctly applied the statute, and its judgment should be affirmed.
For the reasons assigned, I respectfully dissent.

. LSA-R.S. 9:2442, subpar. 3.