REDMANN, Judge,
concurring.
Whitney Jasmine resided, in the ordinary sense of the phrase, “in the place” (Vacher-ie, of St. James and St. John the Baptist parishes) in which decedent’s nuncupative will by private act was executed. But Jasmine resided in the St. John parish part of Vacherie and the will was executed in the St. James parish part of Vacherie.
*910 La.C.C. 1581’s requirement of five witnesses “residing in the place” the will is executed would not by its wording disqualify witnesses who live in the small, rural “place” identified as Vacherie, as did the six witnesses here — notwithstanding that Vacherie is located principally in St. James parish but partly in St. John parish (in which part two of the six witnesses lived). C.C. 1594, however, expressly declares “residence in the place” should be understood “residence in the parish”. It seems likely, nevertheless, that C.C. 1594 intends to expand “place” beyond village or town to the broader area of the whole parish, so that anyone from anywhere within the entire parish could be a witness, even though he does not reside in the “place”, in the sense of village or area where the will was executed. The “place” Vacherie includes parts of two parishes and thus a literal interpretation of C.C. 1594 would defeat its evident purpose and contract “place” under our peculiar facts, disqualifying witnesses who do reside in the place where the will was executed but not in the parish where the will was executed.
C.C. 13’s injunction not to disregard the letter of the law on the pretext of pursuing its spirit is not applicable here because, on our facts, the law is not “clear and free from all ambiguity”. Applicable, instead, is C.C. 18:
The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it.
Testacy is always favored by law, and C.C. 1594 evidently intends to favor testacy by qualifying more witnesses than C.C. 1581 appears to qualify, rather than to disqualify some witnesses that C.C. 1581 appears to qualify.
Accordingly, because Vacherie (of both St. James and St. John) was the “place” any witness residing in Vacherie is competent, notwithstanding that the will was executed in the St. James parish part of Vacherie and the witness’s home is in the St. John parish part of Vacherie.
The substantive due process issue (under La.Const. art. 1 § 2 and art. 1 § 4, guaranteeing the right to dispose of property, subject to “reasonable statutory restrictions”, and under U.S.Const. Amend. 14 § 1) need not be elaborated because Vacherie’s being but one “place” within C.C. 1581 (despite C.C. 1594) distinguishes this case from Soileau v. Ortego, 1938, 189 La. 713, 180 So. 496. Were that not so, Soileau would be distinguishable by its failure to raise the constitutional issue. Especially as applied to a Vacherie situation, because of the statutory trap set by C.C. 1581’s “place” and sprung by C.C. 1594’s rule that place means parish, the rule that a testament must have two extra witnesses unless all five witnesses live within the parish of execution is scarcely more reasonable than the same requirement if the will is written on a Tuesday, or if some of the witnesses are redheads.