## NEW YORK SUPERIOR COURT.

### JACOB CARPENTER agt. WILLIAM SIMMONS.

The provisions of the 59th section of the *district court act* of the city of New York, are *directory merely*. They impose a mere ministerial duty upon the clerks of those courts, the omission to perform which would not invalidate a judgment which had been regularly recovered; although the docket and a transcript is made evidence, there is nothing in the act which makes it the only evidence. And if

the clerk should wholly neglect to make up his docket, the plaintiff in any suit or proceeding where it became necessary, could prove by *other evidence* the recovering of his judgment.

Where an *execution* directed to the sheriff; subscribed by the party issuing it; intelligibly refers to the judgment; states the court and county where the judgment was recovered and transcript filed; names of parties, &c., nothing more is required. The *teste* is no necessary part of the execution, nor is the direction to *return;* any errors which may occur in either are immaterial.

Where a sheriff by virtue of an execution, sells a store of goods which are subject to a chattel mortgage, he sells the equity of redemption of the defendant in the execution. And in a sale of this kind the sheriff must necessarily *sell the property in bulk,* and will not be permitted to sell it separately or in parcels.

*It seems* that no one besides the *defendant* in the execution, can object to the *manner of making the sale* of the property by the sheriff.

A *chattel mortgage,* which, after enumerating the goods mortgaged, contains a clause in the following form, is *void as to creditors*—to wit: " And also all other goods, chattels, &c., which may be substituted for any similar property now appertaining to the business of said firm, or belonging to said firm, at said store and shop, or which may be added by way of purchase or exchange, thereto. It being intended and declared that all the property, stock, tools and fixtures, which may at any time form part of and belong to said business of said firm of T— & Co., at the premises aforesaid, whether the same be now in existence, or hereafter created or acquired, shall be and is included in, covered and conveyed by the foregoing mortgage."

A plaintiff in a judgment and execution, who purchases merely the interest of the defendants in the property sold on the execution, is not estopped from questioning the validity of a prior chattel mortgage given by the defendants on such property.

Where the evidence showed that the defendant, the mortgagee in the chattel mortgage, had seized and sold under the mortgage, a considerable amount in value of property by the mortgagors, the defendants in the execution, after the mortgage was made, and which the plaintiff had purchased at the sheriff's sale, and it appearing that the verdict for the plaintiff was for the value of a portion only of the goods taken, without designating what portion, the court would assume that the verdict was for the value of that portion of the goods not covered by the mortgage, and for which the plaintiff was clearly entitled to recover.

The declarations of the parties to the mortgage were not admissible as evidence to sustain the mortgage as against a judgment creditor.

*New York General Term, November,* 1863.

Bosworth, *C. J.,* White *and* Monell, *Justices.*

This action was for the conversion of personal property. The plaintiff recovered judgment in the sixth district court, in this city, against Tibbetts & Co., upon which an execution was issued, under which the sheriff levied upon the goods of Tibbetts & Co., and sold their right, title and interest. The plaintiff purchased at the sale and took pos-

session.  The defendant claimed the property under a chattel mortgage from Tibbetts & Co. to him, given prior to the plaintiff's judgment.

The mortgage, after enumerating the goods mortgaged, contained the following clause: "And also all other goods, chattels, &c., which may be substituted for any similar property now appertaining to the business of said firm, or belonging to said firm at said store and shop, or which may be added, by way of purchase or exchange, thereto. It being intended and declared that all the property, stock, tools and fixtures, which may at any time form part of and belong to said business of said firm of Tibbetts & Co. at the premises aforesaid, whether the same be now in existence or hereafter created or acquired, shall be and is included in, covered and conveyed by the foregoing mortgage."

Subsequently to the sale by the sheriff, and purchase by the plaintiff, the defendant took possession of the property under his mortgage and sold it.  The sale by the sheriff was of the right and title of Tibbetts & Co.  It was in bulk and not by parcels, and the plaintiff purchased for five dollars.

The defendant objected to the introduction of the transcript of the plaintiff's judgment against Tibbetts & Co., and also of the execution issued thereupon.  The objections were overruled and the defendant excepted.  There were two motions made to dismiss the complaint, which were refused.  There were several exceptions to the admission and rejection of evidence, and several requests by the defendant to charge the jury, which were refused.

The jury rendered a verdict for the plaintiff for the value of a portion only of the goods.  A motion was made at special term for a new trial, which was denied; and thereupon judgment was entered upon the judgment.

The defendant appeals from the judgment and order.

MR. LOCKWOOD, *for appellant.*
A. R. DYETT, *for respondent,*

By the court, MONELL, J. There are two questions presented on this appeal: one as to the sufficiency of the plaintiff's title; the other as to the validity of the defendant's mortgage. The first question involves the examination of the plaintiff's judgment and execution, and of the sale made by the sheriff under it.

The plaintiff's judgment against Tibbetts & Co. was recovered in a district court of this city, denominated, in the act reducing the several acts relating to those courts into one act (*Laws of* 1857, *vol.* 1, *p.* 707), as " district courts of the first, second, &c., districts of that city."

The 59th section of the act directs that the clerks of these courts shall keep a book, denominated a docket book, in which he shall enter certain particulars, defined in the various subdivisions of the section, and intended to contain a history of the proceedings in the action to and beyond judgment. The 60th section makes a transcript of such docket evidence of the "facts stated therein."

The transcript offered in evidence of the plaintiff's judgment contained, I think, all that is required by the 59th section, and shows the regular recovery of a judgment against the defendants therein.

If any question as to the jurisdiction of the justice over Simmons, who was not served with process, could be raised by the defendant in this action, it is answered by the two facts : first, the defendants were sued as joint contractors, and the service on one gave jurisdiction, and the judgment in form was correctly entered against both, under which their interest in property jointly owned by them could be sold ; and second, that the defendant, Simmons, was present at the trial and subjected himself to the jurisdiction of the justice. It was urged by the appellant's counsel that the transcript of the docket was deficient in not stating that a transcript had been given, to be filed in the county clerk's office, as required by the 10th subdivision.

The transcript was evidence only of the facts stated in

it. It was not evidence of the giving of a transcript to be filed. It was necessary, and the plaintiff did prove by other testimony the filing of a transcript in the county clerk's office, prior to issuing his execution.

The provisions of the 59th section are directory merely. They impose a mere ministerial duty upon the clerks of those district courts, the omission to perform which would not invalidate a judgment which had been regularly recovered. And if the clerk should wholly neglect to make up his docket, I apprehend the plaintiff, in any suit or proceeding where it became necessary, could prove by other evidence the recovery of his judgment. The docket and a transcript is made evidence, but there is nothing in the act which makes it the only evidence, and the party may still resort to other competent evidence to prove his judgment.

I have not been able to find that any of the objections to the transcript are tenable. It showed the recovery of a judgment, and that the parties and the action were within the jurisdiction of the justice, and that all the preliminary steps had been taken to make the judgment regular. Whatever was omitted was not essential to the right to issue execution, other proof having been offered and received, to supply any such deficiency.

I think the objections to the execution were more to its form than to its substance. The 289th section of the Code prescribes what shall be contained in an execution, and it seems to me the execution which was issued upon the plaintiff's judgment contained every fact required.

It was directed to the sheriff; subscribed by the party issuing it; intelligibly referred to the judgment; stated the court and county where the judgment was recovered and transcript filed; names of parties, &c. Nothing more was required to be stated. The teste was no necessary part of the execution, nor was the direction to return, and therefore, any errors in them were immaterial. I think the objections to the execution were properly overruled.

The sheriff under the execution sold only the right, title and interest of Tibbetts & Co. in the goods; in other words, he sold the equity of redemption of Tibbetts & Co. In a sale of this kind, the sheriff must necessarily sell the property in bulk, and would not be permitted to sell it separately or in parcels. The mortgagee has the right, when his right to take possession accrues, to follow the property and seize it under his mortgage, and it could not be tolerated that in selling, in effect, subject to the mortgage, he could distribute it among a multitude of purchasers. As I understand it, the sale was in bulk in *Hall* agt. *Carnley* (11 *N. Y. R.* [1 *Kern.*] 501); *Tift* agt. *Barton* (4 *Den.* 171.)

The question of actual levy was left, upon the evidence, to the jury. The testimony was somewhat contradictory, but the jury have passed upon it, and it was sufficient to sustain their verdict.

It was objected that the property sold by the sheriff was not present in view of the purchasers at the sale. There was evidence, however, both ways on that subject, and the learned judge carefully submitted it to the jury, that the plaintiff could recover for the value of such property only as was present at the sheriff's sale, within the view of the bidders.

The charge in respect to the levy and sale was favorable to the defendant and no exception was taken to it.

We were not referred on the argument, nor have I been able to find any case deciding that any one, besides the defendant in the execution, can object to the manner of making the sale. It would seem, that it does not lie with any other party to insist, that the sale shall be, in all respects, conformable with the requirements of the statute.

Be it so, however, that the defendant, as mortgagee out of possession, may object to the sufficiency of the sale, then we are brought to the remaining question, namely, as to the validity of the defendant's mortgage.

The case of *Edgell* agt. *Hart* (9 *N. Y. R.* [5 *Seld.*] 213),

is decisive, I think, that a mortgage containing a provision like that contained in the defendant's mortgage is void as to creditors. In that case the mortgage was made " to include, also, all other articles of like nature which may be put, or be in said store, whenever the party of the second part may be entitled to enforce the within mortgage," and the whole mortgage was held void. In this case, it was submitted to the jury as a question of fact for them to determine upon the evidence, whether the mortgage was made with intent to hinder and delay creditors. It would not have been going too far, I think, for the judge to have instructed the jury that the mortgage was void in law, as intimated in the opinion in *Edgell* agt. *Hart* (*supra*, p. 219), but the judge chose to leave it to the jury to be determined as a question of fact, and they have found against the defendant on that issue.

The plaintiff having established his judgment against Tibbetts & Co., was in a position to attack the defendant's mortgage, and his purchase under his execution at the sheriff's sale did not deprive him of this right (*Hildreth* agt. *Sands*, 2 *J. C. R.* 36). He did not purchase subject to the mortgage. He merely purchased the interest of Tibbetts · & Co. which interest was conveyed by a mortgage which was or was not valid. There was nothing, therefore, in the sale or purchase that estopped the plaintiff from questioning the validity of the Tibbetts mortgage.

If the views which I have here expressed are correct, they dispose of all the questions raised upon the motions to dismiss the complaint, as well as to the exceptions to the refusals to charge, and to the charge itself.

The verdict was for the value of a portion only of the goods taken—for what portion does not appear. The evidence shows, however, that the defendant had seized and sold under the mortgage a considerable amount in value, of property not covered by the mortgage, and which the plaintiff had purchased at the sheriff's sale. In respect to

that the learned judge charged the jury that "such pro-
perty as was acquired by Tibbetts & Co., after the mort-
gage was given, was not legally embraced in the mortgage;"
that Simmons had no right to take and sell that property,
and that the plaintiff was entitled to recover its value.

In looking at this case we are to see whether the evi-
dence sustains the verdict under the charge of the judge,
for to this part of the charge there was no exception.

It is impossible to say whether the verdict was or was
not for the value of such property only as was acquired by
Tibbetts & Co., after the mortgage was made. If so, it
could not be disturbed. To that extent the plaintiff was
clearly entitled to recover, and if it is necessary in order
to sustain the verdict, I think we are bound to assume that
such was the verdict.

The inquiry of the witness, John Simmons, was properly
excluded. There was no evidence of any interference with
the property by the deputy sheriff. At most, the question
bore upon the levy, but it was too remote to affect that
question.

The declarations of the parties to the mortgage were not
admissible to sustain the mortgage as against a judgment
creditor, and were properly excluded.

It was perhaps not competent to prove the judgment in
the district court by parol, if such proof was necessary,
which I think was not. In these courts, the judgment pro-
nounced by the judge is entered in the docket by the clerk,
and as we have seen, his omission to do so would not invali-
date the judgment, nor render it unavailing. I think it
was competent to prove that John Simmons was present at
the trial in the district court, and that the check was the
copartnership check of Tibbetts & Co. Independently of
the judgment, the plaintiff, as a creditor of Tibbetts & Co.,
could attack the mortgage, and the evidence tended to
prove him such creditor. It did not contradict the record,
nor go to sustain it,

The exclusion of any evidence by the defendant, of the nature of the debt evidenced by the check, unless the defendant would put the check in evidence, it being offered to him by the plaintiff for that purpose, was proper. The condition was in the discretion of the judge, and cannot be reviewed.

It was immaterial whether John Simmons was present at the trial in the district court or not. The defendants there were joint contractors, and, as I have before stated, the judgment was properly in form against both, and would reach their joint property, although no service was made upon one of the defendants. Hence it was proper to exclude all inquiry on that subject.

I have thus briefly reviewed the exceptions taken by the defendant to the admission and rejection of evidence. I cannot find that any of them are well taken, and am therefore of opinion that the judgment and order appealed from should be affirmed.