No. 224.—W. J. KILBOURN *v.* A. J. PENNEBAKER et al.

The parish court has jurisdiction of a question involving the validity of a will and the recognition of the party claiming as heir, without reference to the amount involved.

In this case the evidence shows that no witnesses that could be had at the time of making the will resided in the place; that a greater number than five who subscribed to the will could not have been procured without endangering the execution of the will itself, on account of the critical condition of the testator at the time.

Held—That under these circumstances the attestation of the will by five witnesses was a substantial compliance with article 1576 of the Civil Code, and that the will was not void on account of its not being attested by a greater number of witnesses

APPEAL from the Twelfth Judicial District Court, parish of Franklin. *W. W. Campbell*, Parish Judge. *H. P. Wells*, for plaintiff and appellee. *J. C. Seale*, for defendants and appellants.

TALIAFERRO, J. The plaintiff, setting himself up as the brother and sole legal heir of John H. Kilbourn, now deceased, institutes this suit to recover his succession, which the decedent gave by act of last will to his wife, Frances C. Jones. The will was duly admitted to probate in the parish of Franklin, where the testator died. The executor named in the will accepted the trust and was duly qualified. The plaintiff attacks the will on the ground of nullity as having been made without observance of the formalities essential to its validity. The instrument is drawn in the form of a nuncupative will by private act and is signed by the testator and attested by five witnesses.

Judgment was rendered in the court below in favor of the plaintiff,

annulling the will and awarding the succession to the plaintiff as heir at law to the testator. The executor and the universal legatee, the parties defendant, have appealed.

In the outset the defendants except to the jurisdiction of the parish court on the ground that the amount in controversy exceeds five hundred dollars. The matters involved are the validity of the will and the recognition of the party claiming as heir—questions of which the parish court clearly has jurisdiction. The exception, therefore, is without force.

The testimony in the record as to the execution of the will is pretty full and seems to show that all the formalities required by the articles 1573, 1574, 1575 and 1576 of the Civil Code were complied with. The plaintiff seems to rely with more confidence upon the point that the will was not subscribed by the required number of witnesses. Article 1576 declares that: "In the country it suffices for the validity of nuncupative testaments under private signature, if the testament be passed in presence of three witnesses residing in the place where the testament is received, or of five witnesses residing out of that place, provided that in this case a greater number of witnesses can not be had." In this case the will was passed in the country and signed by five witnesses. Four of these witnesses, it seems clearly established, lived "out of the place" where the testament was signed; that is, that they were residents of the parish of Madison, on the opposite side of the Bayou Mason from Warsaw, the place of residence of the testator, which lies on the west bank of the bayou, in the parish of Franklin. The residence of the other witness is not so clearly fixed.

It is argued that all the witnesses required to testaments of this form must be either residents of the place or residents out of the place where the testament is received; and that the residence of one of the five not being positively shown the presumption is that he resided in the place where the will was made, and, therefore, the act is null because it was not signed by five witnesses living out of the place nor by three living in the place where the testator delivered his testament. If there were any force in this reasoning it lay with the plaintiff alleging the nullity of the instrument on the ground of the incompetency of the witnesses to show that one of them resided in the parish of Franklin. This he has certainly not done. Calvin Moore, a notary public of Madison parish, who drew up the will under the dictation of the testator, and who, from the instrument itself and the testimony he gave in regard to the manner in which the required formalities were observed on the occasion, it is clear is a competent person in matters of the kind, says in regard to the witnesses who signed the will: "Kilgore, Williams and I lived in Madison parish, and I think the other two did." The executor states in his testimony

that he was not positive "whether T. J. Pennebaker (the witness whose residence is not fully established) lived in Madison parish or not." But whether he resided in Madison or Franklin we deem it unimportant to inquire.

There were five witnesses to the will, and we think it fair to conclude they all resided in Madison parish. The only inquiry remaining is, could a greater number have been obtained? The plaintiff assumes the affirmative of this question, and offers testimony to sustain it. Moore, who drew up the will, states that he lived at the distance of six miles from the place where the will was passed, and that Benjamin Kilgour and Jack Harper lived in Madison parish at the time, and nearer to the testator's residence than Moore himself did; that Montgomery's place, in Madison parish, was within a mile, and that there were five freedmen there. But Moore also says that the testator had been removed only a short time previous from his former residence in Madison parish, and when called as a notary public of that parish to draw the will, he set out to go, as he supposed, to the previous residence of the testator, much nearer his own residence than Warsaw, and that if he had known of the removal of the testator to Warsaw, he should probably not have gone at all. He states that the day was rainy, the section of the country around was visited with the calamity of overflow; that the people were occupied in driving their stock off to highlands, and that it was owing to that circumstance that they were enabled to obtain the witnesses who assisted in passing the will, they being men who had come that day to cross their stock over the Bayou Mason. Williams, a witness, says there were but two men at Warsaw, one of them the person who was appointed the executor, and the other a merchant who was importuned to attend as a witness, but refused positively for the reason that he had no clerk to attend the store if he left it. The testator, although he lived about thirty hours after he signed his testament, it is clear was in a dying condition. Moore, in his testimony, says of the testator: "He was very feeble; I had great fears that the exertion of dictating and signing the will would cause him to sink more rapidly. I believed at the time if there was delay sufficient to get a larger number of witnesses, the deceased would not be able to sign his will at all."

It may not have been impossible to procure more witnesses, but the circumstances which are shown to have existed rendered greater efforts than were used to obtain them unnecessary. Under the facts existing, the requirements of the law were sufficiently complied with. In the case of Maria and another v. Edwards, executor, and another, 1 Rob. 360, this court said: "Article 1576 does not contemplate a physical or absolute impossibility; reasonable diligence to procure the witnesses is all that is required." 1 Martin, N. S. 488; 12 L. 483; 2 An. 724.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the act of last will of the testator, John H. Kilbourn, be confirmed and held valid; that the defendant, Frances C. Jones, widow of the testator, be recognized as universal legatee under the said will, and that the defendant Pennebaker, the executor, be allowed to proceed with the administration and settlement of the succession. It is lastly ordered that the plaintiff and appellee pay all costs of this suit.