MARIA SHANNON et al *v.* J. W. SHANNON. Executor.

In all nuncupative wills by public act, where the testator does not sign, but affixes his mark, there must be made, under pain of nullity, express mention of the testator's declaration of his inability to sign. Express mention is required, and it cannot be inferred.

APPEAL from the Second District Court of New Orleans, *Morgan, J. H. M. Spofford, C. A. Taylor* and *Martin & Miller,* for plaintiffs. *Lea & Marr* and *Bonford, Singleton & Clark,* for defendant and appellant.

16b  8
49 1383
49 1392

16  8
Case 2
106  447

16  8
Case 2
124 1094
d124 1095

VOORHIES, J. The validity of the will of *J. C. Shannon*, deceased, depends upon the construction to be given to Art. 1572 of the Civil Code.

The question presented is, whether a nuncupative will, by public act, must contain an express mention of the testator's declaration of his inability to sign.

The 1572d Article, which is, in the French text, precisely in the same words of Article 973 of the Napoleon Code, reads as follows:

"This testament must be signed by the testator; if he declares that he knows not how, or is not able to sign, express mention of his declaration, as also of the cause that hinders him from signing, must be made in the act."

The unbroken current of French authorities, decision of the Court of Cassation and of Courts Royal, and opinions of commentators, is to the effect that there must be express mention of the testator's declaration of his inability to sign. Indeed the text of the French Code is not open to any other construction.

There is between the French and English texts of our Code, the difference of a comma: *"that he knows not how, or is not able to sign"*—*"qu'il ne sait ou ne peut signer."* In other respects the English translation is literal. Nor does this difference in the punctuation vary the sense of the article.

In the case of *Stafford* v. *Stafford*, reported at page 440 of the Louisiana Reports, this court,—*Mr. Justice Carleton* being its organ,—gave a different interpretation of that portion of the article concerning the disability of the testator to sign the will.—"This construction of the Code," it was said, "is justified by the interpretation given to a similar law in France, by a distinguished jurist in that country."—The court then quoted a passage from Duranton upon the point, whether an apparent contradiction in a will, which stated, first, that the testator had signed, and then that he had been unable to sign, did not vitiate the instrument. But this author is silent upon the question decided in *Stafford* v. *Stafford*, and again presented in the case under consideration.

Previously to the adoption of the Napoleon Code, the law required, not only that mention should be made of the testator's declaration of his inability to sign; but that the notary should state expressly that he had requested the party and the witnesses to sign, and that they had declared or answered that they could not or did not know how to sign. But says Toullier: "L'art. 973 du Code est revenu à l'ordonnance des testamens; il n'exige, comme cette loi, que la mention expresse de la déclaration du testateur de ne savoir ou de ne pouvoir signer, ainsi que de la cause qui l'empêche de signer, sans laquelle mention le testament serait nul," vol. V., No. 437. See Grenier, tom. I., p. 438; Pothier, Testamens, Art. 4, §1.

Under this view of the law, we have come to the conclusion that, in all nuncupative wills by public act, there must be made, under pain of nullity, express mention of the testator's declaration of his inability to sign. This necessarily overrules the case of *Stafford* v. *Stafford*.

There is, in *Shannon's* will, the following clause:

"At the moment of signing this will, the said testator, being too weak to sign his name, has made his mark, in presence of all the parties."

"JOHN C. ( ⋈ ) SHANNON."
his
mark.

No mention is made of any declaration on the part of the testator; but it is contended that this is supplied by the affixing of the mark.

Our article requires an express mention of the .testator's declaration; and, although for this purpose, there be no sacramental terms or expressions, it is obvious that this cannot be reached by implication. The declaration might be inferred from the fact that the testator affixed his mark, but what becomes of the express mention required by the Code ?

The will of *J. C. Shannon,* deceased, is, therefore, null and void.

Judgment affirmed.