No. 3620.—MRS. M. BRAND *v.* N. A. BAUMGARDEN, Testamentary Executor, et als.

In the last will and testament of Mrs A. M. Schneider, the following clause appears: "Thus done and passed in the house and room above described, on the above day and date, and signed by the said testatrix, the witnesses and the undersigned notary, the said testatrix having declared she could not write, made her usual mark."

Held—That the declartion that she could not write, followed by making her usual mark, was equivalent to the declaration that she knows not how to sign as required by article 1572 of the Civil Code.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud,* J. *J. L. Tissot* and *A. B. Phillips,* for appellants. *D. C. Labatt* and *R. L. Preston,* for appellees.

HOWELL, J. The only question to be decided in this case is, whether the last will and testament of Mrs A. M. Schneider is in due form, as a nuncupative testament by public act.

The clause in the will, on which the objection to its validity is founded, is as follows: "Thus done and passed in the house and room· above described, on the above day and date, and signed by the s id testatrix, the witnesses and the undersigned notary, the said testatrix having declared she could not write, made her usual mark."

It is urged that this is not a compliance with the requirements of article 1572 Revised Civil Code, because it does not state that the testatrix declared that she did not know how to sign, and no mention is made of the cause that hindered her from signing her name. The declaration that "she could not write" not being equivalent to the declaration that "she knows not how to sign," as required by the Code.

Plaintiff's counsel quotes several French authors and the opinions of several French lawyers to support this position, but they have failed to convince our judgments.

Mrs. M. Brand v. Baumgarden, Testamentary Executor, et als.

Had the words "not know how to write" instead of the words "could not write" been used, there would be no room for doubt as to their sufficiency; but still thè expression "she could not write" followed by the one "she made her usual mark," indicates sufficiently the "hindering cause," if mention of the hindering cause be required by article 1572 in the case where the testator does not know how to sign his name. We prefer to say that the words used in this instance, taken all together, are equivalent to the declaration by the testatrix that she did not know how to sign her name, and therefore made her mark, as a verification of her name as written by the notary, and explaining why she did not herself write her name or signature, and that there has been, in this respect, a sufficient compliance with the requirement of the law.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendants, recognizing the validity of the will in question with costs in both courts.

Rehearing refused.