77 So.2d 524

SUCCESSION OF Mattie Creecy DAVIS

v.

Carter RICHARDSON.

No. 41650.

Jan. 10, 1955.

James Sharp, Jr., Monroe, for appellant.

Jacob H. Morrison, New Orleans, for appellee.

MOISE, Justice.

This is an appeal by Carter Richardson, a collateral relation of the deceased, who filed an opposition to the probate of the last will and testament in nuncupative form by public act of Mattie Creecy Davis. The opposition was dismissed.

The gravamen of the appellant's complaint is that at the time of the dictation of the will to the notary, in the presence of the witnesses, the deceased was mentally incapable of making a will. Further, it is alleged that the will did not comply with the requirements of Article 1579 of the LSA–Civil Code.

The record is barren of any evidence of medical testimony as to the deceased's mental condition. Witnesses for the opponent endeavored to prove that the deceased was in a coma at the time the will was dictated. The testimony of the notary who wrote the will and that of the two subscribing witnesses is that the deceased had testamentary capacity at the time she dictated the will, even though her condition was grave because of illness.

He who alleges must prove, and we believe that the will itself and the testimony produced constitute a preponderance of the evidence and establish with reasonable certainty the position taken by the appellee. The last paragraph of the nuncupative will by public act of Mattie Creecy Davis reads:

"I, Notary, then read the above will to said testator in the presence of said witnesses and she declared to me, Notary, and to said witnesses, that she was entirely satisfied with it and she, the said Mattie Creecy Davis, testator, signed the same in my presence and in the presence of said witnesses, and the whole was received, dictated, read and signed at one time without interruption and without turning aside to any other act. The testator then declared she was unable to sign due to her physical condition and made her mark."

Article 1579 of the LSA–Civil Code states:

"This testament must be signed by the testator; if he declares that he knows not how, or is not able to sign, express mention of his declaration, as also of the cause that hinders him from signing, must be made in the act."

The opponent argues that the statement of the testator made to the notary and before the witnesses, that a physical cause prevented her from signing the will, was not sufficient. He contends that a definite and specific cause must be stated in the will and that evidence cannot supply the specific cause.

The trial judge answers the contention of opponent by making the following pronouncement:

"The Courts of Louisiana seem to have held uniformly that nuncupative wills by public act prove themselves and the law must be strictly complied with. Parole testimony is not admissible to supply any essential requirement not contained in the will. Thus the question narrows down to the interpretation of the wording of Article 1579 and especially the interpretation of what is meant by the phrase 'express mention of his declaration, as also of *the cause that hinders him from signing,* must be made in the act.'

"The Court feels that the present case involves a very close point of decision. As a matter of policy, the Court feels that the Notary, in setting forth his declaration, shall set forth *the cause in detail.* Only the word 'cause' is used in the article. Numerous decisions of the Supreme Court have held that the Courts cannot write into this article any requirements not contained therein. When a person, who is very ill, states to the Notary that she is unable to sign, due to her physical condition, this physical condition referred to may be the result of any number of things. It may be caused by the action of the heart; it may be caused by the condition of her arm, or her nervous system. In many instances, the sick person and

the Notary may not truthfully know what is the real cause of her physical condition, but both the Notary and the sick person would know that the cause of her being unable to sign was her physical condition.

"In several of the decisions of the Louisiana Supreme Court, it is indicated that the real reason for setting forth the cause that renders her unable to sign, is that the cause must not be a mental cause, for if that were true, she would be unable to make a will. The main purpose in requiring it to be set forth, therefore, seems to be to make certain that the cause of her failure to sign was due to her physical condition. As stated above, the Court feels that it would be a better practice for a Notary to set forth in detail, if possible, the physical causes, but since the article of the Code does not require the Notary to set forth in detail the cause that hinders testator from signing, the Court feels that it would not be justified in setting aside a testament which carries out the will of the deceased. Here it is set out that the cause of her failure to sign was her physical condition and the testimony clearly shows that her physical condition was such that she would be justified in declaring that she could not sign her name due to her physical condition."

We believe that our learned brother below is correct in these findings..

Considering the facts of the case we think that the statement, "The testator then declared she was unable to sign due to her physical condition and made her mark", is sufficient. The will stands for full proof of itself, and since Courts are not mere automatons we cannot help but take judicial notice of the physical corroboration of the testator as to her condition because she died two days after making her will.

Since we have concluded to affirm the judgment sustaining the validity of the will, it is not necessary to consider any other issues. Such could serve no good purpose.

For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.