LANDRY, Judge.
This is an action by certain collateral heirs of decedent Lumelia Vegas, widow of George Guidry, seeking to have declared null and void the last will and testament of said decedent executed November 12, 1957, in nuncupative form by public act. Appellants herein assert the testament in question to be null by virtue of the alleged failure of the notary before whom it was executed to comply with the provisions of LSA-R.C.C. Article 1579.
More precisely, it is contended by appellants that decedent’s last will and testament is null and void for lack of form, namely, that it was neither signed by testatrix nor does it contain testatrix’s declaration that she knew not how to sign or that she was unable to sign and the cause which hindered her from signing.
Testatrix’s will was signed by her by mark and contains the following recitation:
“* * * the said Lumelia Vegas, testatrix signed same by making her cross in my presence and in the presence of the aforesaid and undersigned witnesses * *
Subsequent to her confection of the will in question, decedent, Lumelia Vegas Guid-ry, departed this life in the City of New Orleans, Louisiana, on February 6, 1958. Following decedent’s demise, a petition to open her succession was filed February 28, 1958. As part of the succession proceedings, the herein disputed testament was registered by the court below and judgment of possession rendered placing the named legatees in possession of decedent’s estate in accordance with the terms, provisions and legacies set forth in the will.
On November 5, 1960, Eves Vegas and certain other parties (asserting themselves to be the sole surviving children and heirs at law of Pierre Vegas, predeceased brother of decedent Lumelia Vegas Guidry) instituted this action attacking the will as null and void. The petition entered in opposition to the will prays that the judgment of the trial court sending the legatees named therein into possession of decedent’s estate be annulled, rescinded and set aside and opponents recognized as the sole heirs at law of decedent’s predeceased brother, Pierre Vegas, and as such, opponents be recognized as heirs of their said deceased aunt and in such capacity, recognized as owners and sent and placed in possession of that portion of the succession of Lumelia Vegas Guidry as would devolve upon them under the laws of inheritance obtaining in this state.
To the petition of contestors herein, the parties named defendants therein (legatees *615 under the last will and testament of decedent) filed answer admitting contestors to be the heirs of Pierre Vegas, deceased brother of testatrix and further contending that the X or cross mark appearing on the testament in question was the signature of testatrix. Contestors then filed a motion for a summary judgment on the face of the pleadings which motion was denied and referred to the merits by the court below.
With the lines of contention thus established, the matter proceeded to trial in the lower court and culminated in the judgment of the trial court dismissing contestor’s opposition to the will and holding and declaring the will to be valid for the reason that since the evidence adduced on the trial of contestor’s opposition established that the cross or X mark on testatrix’s will was in fact the legal signature of testatrix, the provisions of Article 1579 LSA-R.C.C. were inapplicable and the failure of the notary before whom the will was received to declare the reasons why testatrix signed with an X or cross mark did not affect the validity of the instrument.
The opponents of the will have taken this appeal from the adverse judgment below contending that the testament in question is void for lack of proper form by virtue of the failure of the notary before whom it was executed to comply with Article 1579 LSA-R.C.C. which reads as follows:
“Art. 1579. This testament must be signed by the testator; if he declares that he knows not how, or is not able to sign, express mention of his declaration, as also of the cause that hinders him from signing, must be made in the act.”
The position of appellants is that the X or cross mark appearing on the testament cannot be regarded as the signature of testatrix, therefore, in legal contemplation, testatrix’s last will and testament remains unsigned. Appellants further contend that since the testament itself (1) fails to expressly recite that testatrix does not know how to sign her name; (2) fails to expressly mention testatrix’s declaration that she knew not how or was not able to sign and (3) fails to expressly mention the cause which hindered her from signing, it fails to comply with the sacramental requirements of LSA-R.C.C. art. 1579 and is, therefore, null and void for lack of proper form. In addition, appéllants cite authorities to the effect that since nuncupative wills by public act are proof of themselves, the law governing the form of such testaments must be strictly complied with and parol evidence is inadmissible to supply any essential requirement not contained in the will itself. Predicated on the foregoing premise, opponents contend the learned trial court improperly admitted evidence over their objection to establish that the X or cross mark on the testament was made by decedent and to further establish that the cross mark appearing thereon was in fact said decedent’s legal signature considering decedent, being a business woman, was shown by the evidence to customarily sign her name in the manner appearing on the testament.
Appellees concede that Article LSA-R.C. C. art. 1579 requires that a nuncupative will by public act be signed by the testator if he knows how to sign. However, appel-lees urge that under the circumstances obtaining in the case at bar, testatrix did, in legal contemplation, sign her signature by mark or cross and the notary so indicated as shown by the hereinabove quoted relevant portion of the disputed testament. In substance, appellees argue that there was no necessity for the notary to make express mention of testator’s failure to sign the testament because the cross or X mark was, in fact, her signature as established by the evidence which revealed that testatrix customarily signed her name by X - or cross mark on numerous documents executed with her purchase of several pieces of property, her operation of a restaurant or rooming house and her signing of income tax returns. Finally, appellees contend that the mark or cross affixed by testatrix to the testament in question must be regarded as *616 the legal signature of testatrix by virtue of the provisions of LSA-R.S. 47:2 and the jurisprudence as established in Watts, et al., v. Collier, Sheriff et al., 140 La. 99, 72 So. 822. The pertinent provision of LSA-R.S. 47:2 (which general title deals with the subject of revenue and taxation) provides as follows:
“§ 2. General definitions
“For the purposes of this Title, unless the context clearly otherwise requires or unless otherwise defined in specific portions of the Title, the following' words shall have the respective meanings ascribed to them in this Section :
⅜ ⅜ ⅜ ⅝ ⅜ *
“(3) ‘Signature’ or ‘subscription’ includes a mark in the case of a person who cannot sign his name, provided the mark is made in the presence of two subscribing witnesses. * * * ”
In the Watts case, supra, the language alluded to by counsel for appellees is the following:
“It is well settled in our jurisprudence that the ordinary mark of a person, incapable of writing, when established by legal evidence, is to be taken as his signature. (Citing cases.)”
The law of this state is firmly established to the effect that the purpose of those Articles of our Civil Code prescribing the formalities for execution of nuncupa-tive wills by public act is to guard against and prevent fraud, mistake, imposition or deceit and to afford a means of determining their authenticity and prevent substitution of some other writing in place thereof. Soileau v. Ortego, 189 La. 713, 180 So. 496.
Nuncupative wills by public act prove themselves and the law governing their confection must be strictly complied with. Parol evidence is neither required nor admissible to prove any essential element not contained in a nuncupative will by public act. Succession of Davis v. Richardson, 226 La. 887, 77 So.2d 524.
The contention of appellees that the cross or X mark appearing on the will in question satisfies the requirement of signature because it constitutes the ordinary signature or method by which decedent customarily signed documents and business papers and thereby eliminated the necessity of expressly mentioning the reason for testatrix’s failure to sign by conventional signature, is clearly without foundation under the laws of this state.
It will be recalled that the authorities relied upon by counsel for appellees, namely, LSA-R.S. 47:2 and Watts v. Collier, supra, both provide in substance that a mark or cross may constitute a legal signature only of a person who cannot sign his name or who is incapable of writing provided the making of the mark be established by two subscribing witnesses (LSA-R.S. 47:2) or by legal evidence (Watts v. Collier, supra). Moreover, it would appear that the provisions of R.S. 47:2 are intended only as a definition of the term signature as applied to matters falling within the purview of said title and relating to revenue and taxation.
We have no quarrel with the rule advocated by learned counsel for appellees herein insofar as it applies to signatures on documents executed in the course of everyday business affairs or in the conduct of normal business transactions. However, we are presently concerned not with an instrument executed in the usual course of commerce wherein parol or other evidence de-hors the instrument itself may be resorted to in order to establish an X or cross mark as a valid legal signature, but rather we are herein concerned with a nuncupative will by public act whose authenticity depends upon strict compliance with all formalities prescribed by law as indispensable prerequisites to its efficacy. Conceding that in conventional transactions and contracts such as, by way of extension rather than limitation, leases, sales or mortgages, the signature of a party thereto made by mark may be shown by parol or other evidence *617 to have been affixed by the alleged signatory and, therefore, as a matter of law, constitutes his signature to such document by virtue of the hereinbefore cited statute and jurisprudence, such rule is without application to the case at bar. The obvious purpose and intent of LSA-R.C.C. art. 1579 is clear and unmistakable. In essence, it contemplates that the testator must sign his last will and testament if he knows how to sign his name and is physically capable of doing so. If, however, the testator cannot sign or declares either that he knows not how to sign or is unable to sign, the article in question, by positive, unequivocal language, requires that express mention of his declaration as well as the cause which hinders him from signing must be made in the instrument itself. In such circumstances, if the declaration does not appear in the will, it may not be supplied by extrinsic evidence. In such instances the question is not whether the X or cross mark appearing on the document was in fact executed by the testator but whether or not the will itself recites the testator’s declaration that he did not know how to sign or was unable to sign and the cause which hindered him from signing by conventional signature.
The present case involves the rare instance in which we are fortunate enough to find precedent squarely in point and, therefore, clearly decisive of the issue presented for resolution. We refer, of course, to Shannon v. Shannon, 16 La.Ann. 8, wherein the Supreme Court held invalid a nuncupa-tive will by public act executed under circumstances more favorable to the proponents of the will than exist in the case at bar. More precisely we refer to the following language taken from Shannon v. Shannon, supra:
“Under this view of the law, we have come to the conclusion that, in all nun-cupative wills by public act, there must be made, under pain ( f nullity, express mention of the testator’s declaration of his inability to sign. This necessarily overrules the case of Stafford v. Stafford [12 La.Ann. 439],
“There is, in Shannon’s will, the following clause:
“ ‘At the moment of signing this will, the said testator, being too weak to sign his name, has made his mark, in the presence of all the parties.’
his
‘“John C. (x) Shannon/ mark
“No mention is made of any declaration on the part of the testator; but it is contended that this is supplied by the affixing of the mark.
“Our article requires an express mention of the testator’s declaration; and, although for this purpose, there be no sacramental terms or expressions, it is obvious that this cannot be reached by implication. The declaration might be inferred from the fact that the testator affixed his mark, but what becomes of the express mention required by the Code ?
“The will of J. C. Shannon, deceased, is, therefore, null and void.”
It follows, therefore, that the nuncupa-tive will by public act of decedent Lumelia Vegas Guidry executed November 12, 1957, before A. H. Reed, Notary Public, in the presence of Linda Mae Painter, Mary Harris and John A. Salvaggio, is null and void for want of proper form, namely, its failure to contain either the signature of testatrix or her declaration that she knew not how to sign or was unable to sign and if she was unable to sign, the cause which prevented her signing. It also follows that the learned trial court erred in denying plaintiffs’ motion for summary judgment on the pleadings and further erred in admitting evidence over appellants’ objection to establish that the cross or X mark appearing on the testament in question was the signature of the alleged testatrix.
For the reasons hereinabove assigned, it is ordered, adjudged and decreed that the judgment of the trial court rendered herein' *618 be and the same is hereby annulled, reversed, rescinded and set aside and judgment rendered herein in favor of appellants, Eves Vegas, Eddie Vegas, Mrs. Aline Vegas, wife of Sterling Adam, Davis Vegas and John Vegas, and against appellees, Lawrence Melancon, Cleven Vegas and Florida Vegas Fremin, declaring the last will and testament of decedent Lumelia Vegas Guid-ry executed in nuncupative form on the 12th day of November, 1957, before A. H. Reed, Notary Public, in the presence of Linda Mae Painter, Mary Harris and John A. Salvaggio, witnesses, null, void and of no effect.
It is further ordered, adjudged and decreed that there be judgment herein in favor of the aforesaid appellants and against the hereinabove named appellees, cancel-ling, annulling, rescinding and setting aside all proceedings held in the trial court pursuant to the herein invalidated will of decedent, Lumelia Vegas Guidry, and more particularly, but not limited to, the judgment of the trial court recognizing appel-lees, Lawrence Melancon and Cleven Vegas as particular legatees of decedent Lu-melia Vegas Guidry and recognizing Florence Vegas Fremin as universal legatee of said decedent and, as such, sending said legatees in possession of and recognizing them as owners of the property of decedent therein described.
It is further ordered, adjudged and decreed that appellants, Eves Vegas, Eddie Vegas, Mrs. Aline Vegas, wife of Sterling Adam, Davis Vegas and John Vegas, be and they are hereby recognized as the sole and only heirs at law of Pierre Vegas, the predeceased brother of decedent Lumelia Vegas, widow of George Guidry, and entitled as such to represent their said deceased father in the succession of their said deceased aunt, Lumelia Vegas Guidry, and in such capacity, entitled to be recognized as owners and placed in possession of that portion of said succession of decedent Lumelia Vegas Guidry which devolves upon them by representation of their said deceased father.
It is further ordered, adjudged and decreed that this matter is hereby remanded to the honorable trial court for further proceedings consistent with the views herein expressed.
It is further ordered, adjudged and decreed that all costs incurred in the court below as well as those incurred on this appeal be paid by appellees, Lawrence Mel-ancon, Cleven Vegas and Florence Vegas Fremin.
Reversed and remanded.