SAVOY, Judge.
Appellants have appealed to this Court from a judgment of the district court decreeing the last will and testament of Cloma Stelly to be valid.
Cloma Stelly departed this life at her domicile in Vermilion Parish, Louisiana, on January 6, 1964, leaving surviving her only collateral heirs. Her will was duly probated in Vermilion Parish, Louisiana, and bears the entitled and numbered succession, namely, “Succession of Cloma Stelly”, No. 4879 of the Probate Docket of the Fifteenth Judicial District Court, Vermilion Parish, Louisiana. Shortly thereafter, appellants filed the instant suit to have the will declared invalid because (1) of the mental incapacity of the testatrix at the time of the confection of the will; (2) the will was obtained through fraudulent practices by appellees; (3) the will was not written in the form prescribed by law, in that same is typewritten rather than in writing, and also because of the improper declaration as to the reason for the testatrix not signing said will and testament.
There was no showing that fraud was practiced on the testatrix in order to' have her execute the will in question.
Appellants took the deposition of Dr. Charles A. Barne, Jr., a medical doctor, who treated the testatrix during her last illness shortly before her death. In summary, the doctor testified he was of the opinion that she was of sound mind and was able to make a will and testament. He stated that although she had suffered a stroke, she had progressed well until shortly prior to her death; and, except for the infirmities which *830 go with old age, she was approximately 77 when he first saw her and 79 years of age when she died, she was mentally alert.
Mr. I. P. Saal, Jr., Notary Public and attorney at law, testified without objection that he was called to the testatrix’s house on the night the will was executed; that he went there with his secretary and brought along his typewriter and legal size blank paper. Prior to preparing the will, he asked the testatrix to sign her name, and she stated that because of her illness she was unable to write her name legibly. This was done in the presence of one of the witnesses to the will.
The notary then assembled in the testatrix’s room with the witnesses and proceeded to prepare a will by nuncupative act. He ended the will with the following declaration:
“The Testator, Cloma Stelly, declared that she knows how to read and write, but at the present time she is unable to sign her name for the reason that she is ill, and her signature would be illegible if she attempted to sign her name.”
Counsel for appellants have abandoned all of their reasons for declaring the will invalid except two, namely, that the requirements of LSA-C.C. Article 1578 have not been complied with, and that the above declaration in the will does not satisfy the requirements of LSA-C.C. Article 1579.
Articles 1578 and 1579 of the Louisiana Civil Code state:
“Art. 1578. Nuncupative testament by public act, formalities
“Art. 1578. The nuncupative testaments by public act must be received by a notary public, in presence of three witnesses residing in the place where the will is executed, or of five witnesses not residing in the place.
“This testament must be dictated by the testator, and written by the notary as it is dictated.
“It must then be read to the testator in presence of the witnesses.
“Express mention is made of the whole, observing that all those formalities must be fulfilled at one time, without interruption, and without turning aside to other acts.”
“ * * * * * *
“Art. 1579. Nuncupative testament by public act, signature of testator
“Art. 1579. This testament must be signed by the testator; if he declares that he knows not how, or is not able to sign, express mention of his declaration, as also of the cause that hinders him from signing, must be made in the act.”
As to the invalidity of the will because of non-compliance with LSA-C.C. Art. 1578, counsel state that Mr. Saal, the notary to the will, did not test the ability of the testatrix to sign her name in the presence of all the witnesses as required by that Civil Code article. The case of Succession of Crouzeilles, 106 La. 442, 31 So. 64, is cited in support of this contention. In the Crouzeilles case, supra, the will was declared valid.
There is no showing in the record that the portion of the will in contest was not written, dated, read and signed at one and the same time without interruption as required by LSA-C.C. Article 1578.
As to the nullity of the will because of non-compliance with LSA-C.C. Article 1579, counsel for appellants cite the cases of Succession of Davis v. Richardson, 226 La. 887, 77 So.2d 524, and Succession of Watson, (La.App., 4 Cir., 1963), 157 So.2d 612. Both of these cases involved contested wills. In each case the testament recited that the testatrix signed the will by making her mark with an “X” and also-stated that she could not sign because of physical disability. Both wills were declared valid. The appellate courts in both cases stated that they were cognizant of decisions interpreting LSA-C.C. Article *831 1579 which indicated that it was desirable to state the exact nature of the testator’s disability, but found that the courts had uniformally declared said wills containing such a declaration of physical disability sufficient to satisfy the codal requirement.
In our opinion, the testatrix’s statement in the nuncupative act that she was unable to sign due to illness is a sufficient compliance with the civil code’s requirement for an express statement of the cause of the testatrix’s inability to sign the testament. We are cited to no authority to the contrary.
For the reasons assigned, the judgment of the district court is affirmed. Appellants to pay the costs of this appeal.
Affirmed.