BLANCHE, Judge.
This is a suspensive appeal from a judgment dismissing a suit seeking to annul a purported nuncupative will by public act. The purported testatrix, Justilia Neal Smith Trahan, executed a nuncupative will by public act dated December 21, 1961, in which will the testatrix favored certain forced heirs and excluded others. The testatrix died on November 17, 1970, and the nuncupative will by public act in question was ordered recorded by order rendered and signed in the probate proceedings on December 3, 1970.
On December 23, 1971, plaintiffs-appellants herein, Edia Trahan Domangue, Lee Roy Joseph Authement, Iona E. Authement, and Peter Trahan, filed a pleading entitled “Petition for Stay Order and Rule to Show Cause,” in which pleading the plaintiffs alleged the invalidity of the will and the contention that the Succession of Justilia Neal Smith Trahan should be treated as an intestate succession.
In due course the matter was heard on the merits, the sole issues being. whether the testatrix was, in fact, able to speak the English language and whether the will was dictated by her in English to the notary and by him read back to her in English, so *718 as to satisfy the formal requirements of Louisiana Civil Code Article 1578.[1]
In support of the judgment dismissing plaintiffs’ suit, the trial judge rendered Reasons for Judgment, excerpts from which are reproduced below:
“This is a probate proceeding wherein certain legatees are attempting to have declared invalid a nuncupative will by public act executed by the Testatrix prior to the time of her death. The basis for the attack upon the validity of the will is the allegations of the plaintiffs in rule to the effect that the Testatrix, by reason of her alleged inability to speak the English language, dictated her will to the Notary in the French language, and that the Notary then transcribed the Testatrix’s testament in the English language, thus constituting a double translation which is, of course, prohibited by law.
“There was much testimony on both sides relative to the capability of the Testatrix to speak the English language sufficiently well so as to be capable of having dictated her testament, or the essence thereof, to the Notary in the English language. The witnesses for plaintiffs in rule testified that the Testatrix knew only a few words in English, and that she had learned most of these from watching television. Their testimony generally is to the effect that the Testatrix could not have dictated the will, or even the.essence of the will, which she is alleged to have dictated to the Notary in the English language.
“The testimony of the witnesses who testified in behalf of the proponents of the will, as might be expected, was different. Their testimony was to the general effect that the Testatrix, while possibly not fluent in the English language, nevertheless was more than sufficiently fluent to have dictated the essence of her testament to the Notary. The Court is satisfied that the law does not necessarily require a verbatim dictation by the Testatrix to the Notary in the case of a nuncupative will by public act, but it suffices that the Testatrix clearly convey her intent to the Notary, and that he thereafter transcribe her wishes accurately, although not necessarily verbatim.
“The Notary to whom the will was dictated testified at the trial. He said that he had been the Testatrix’s attorney for a number of years, that during the course of the years he had conversed with her in his office in both French and English, the Notary being bilingual; that the Testatrix was apparently more comfortable and more expressive when employing the French language, but that she was capable of speaking English. With reference to the particular incident concerning the confection of her testament, the Notary was unable to say whether the Testatrix dictated the will in English or in French.
“Because of the shifting of the burden of proof which occurred by reason of the length of time from the death of the Testatrix and the probate of the will which occurred, the burden was not upon the defendant in rule to maintain the validity of the will but rather was on the plaintiffs in rule to establish the invalidity of the testament by a preponderance of the evidence. It is the opinion of the *719 Court that plaintiffs in rule failed to sustain this burden.
“The weight of the evidence in this case on both sides is so nearly equal that the deciding factor herein is the party who must bear the burden of proof. In this particular instance the opponents of the will having to bear the burden of proof were unsuccessful. Had the proponents of the will had the burden of proof imposed upon them, then this Court would have reached the opposite result.” (Reasons for Judgment)
The trial judge was in error in speaking of any “shifting” of the burden of proof between the proponents, on the one hand, and the opponents of the will, on the other. Since this is a nuncupative will by public act, the applicable touchstone with respect to the burden of proof is set forth in Louisiana Code of Civil Procedure Article 2933, which deals with an action to annul a nuncupative testament by public act, and provides the following:
“An action to annul a nuncupative testament by public act which has been ordered recorded and executed shall be governed by the provisions of Article 2931. The plaintiff always has the burden of proving the invalidity of the testament.”[2]
Nevertheless, the trial judge did apply the correct rule that the burden of proof in this action to annul a nuncupative testament by public act rested upon plaintiff s-appellants.
We do not find it necessary to burden this opinion by recapitulating the disparate testimony contained in the record. It suffices to say that from our review of the entire record of this proceeding we cannot say that the trial judge was manifestly erroneous in concluding that the weight vof the evidence is so nearly equal that the determining factor as to the success or failure of this suit depends upon which litigant — proponent or opponent of the will — bears the burden of proof. For the reasons previously stated, this question is answered by Louisiana Code of Civil Procedure Article 2933, and plaintiffs-appellants simply failed to carry the burden of proving the alleged invalidity of this nuncupative testament by public act.
Plaintiffs-appellants rely on Succession of Dauzat, 212 So.2d 523 (La.App. 3rd Cir. 1968), a case involving a similar factual situation. In that case our brethern of the Third Circuit recognized the existence of a line of Louisiana jurisprudence holding that a legal presumption exists in favor of the validity of the nuncupative testament by public act, and further holding that proof of noncompliance with the formalities required in executing such a testament must be peculiarly strong to overcome the presumption in favor of the will. The Court in Succession of Dauzat further concluded that notwithstanding these presumptions in favor of the validity of the nuncupative will by public act, nevertheless, the record was such that the reviewing court could not necessarily say that the trial judge was manifestly erroneous in concluding that the testatrix in Dauzat was, indeed, incapable of speaking the English language or dictating the will in English, with the result that the plaintiffs in the action seeking to annul the purported nuncupative testament by public act had successfully borne the heavy burden of proof.
Per contra, in the instant case the trial judge was unable to conclude that plaintiffs had borne such burden of proof, and concluded instead that the evidence was so nearly equally balanced concerning the crucial issue of the ability of the testatrix in the instant case to speak the English language and to dictate the will to the notary *720 in English, that the presumption of the validity of the nuncupative testament by public act, together with the burden of proving the invalidity thereof resting on the opponents thereto, all warranted upholding the validity of the testament and concomitant testacy of this succession.
For the foregoing reasons, the judgment appealed from is affirmed, with all costs of this appeal assessed to plaintiff s-appellants.
Affirmed.

. Louisiana Civil Code Article 1578 reads as follows:
“The nuncupative testaments by public act must be received by a notary public, in presence of three witnesses residing in the place where the will is executed, or of five witnesses not residing in the place.
“This testament must be dictated by the testator, and written by the notary as it is dictated.
“It must then be read to the testator in presence of the witnesses.
“Express mention is made of the whole, observing that all those formalities must be fulfilled at one time, without interruption, and without turning aside to other acts.”

. The trial judge confounded this principle with that provided by Louisiana Code of Civil Procedure Article 2932, which deals with the burden of proof in an action to annul a probated testament, as distinguished from a nuncupative will by public act, which does not need to be probated. (Louisiana Code of Civil Procedure Article 2891)