McClendon, Judge.
This succession matter comes to this court in a-state of considerable confusion. The appeal was taken from a judgment authorizing the executor to sell two forty-acre tracts of land at private sale to different individuals for the consideration of $26,000 cash each.
At that point in time the decedent had been dead just over one year. She died testate February 3,1978, having never married and survived only by brothers and sisters or descendants of brothers and sisters, all as is set forth in a detailed affidavit of death and heirship filed in the initial succession proceeding on October 5, 1978. This affidavit shows that the vast majority of fifty or more collateral relations live in the Monroe and Downsville, Louisiana areas, all in relatively close proximity to Farmerville, Louisiana.
Examination of the proceedings had in the succession indicates that the decedent’s will, nuncupative by public act in form, was duly offered for probate, admitted, ordered recorded and executed, and the executor named therein permitted to qualify in the normal ex parte manner provided by law, on October 5, 1978. A notary public was designated in the same order to make an inventory of decedent’s estate.
In due course the inventory was filed, the inheritance tax on the single special legacy was fixed and the executor was authorized to deliver this legacy of 80 acres of land to the legatee. This judgment was signed on November 20, 1978.
In March of 1979, an attorney was appointed to represent the five non-resident collateral heirs and the names of two heirs omitted from the original affidavit were supplied.
On June 4, 1979, the executor petitioned the court for authority to sell the remaining 80 acres of land belonging to the estate at private sale for $52,000 cash to pay the debts and legacies and for the purpose of effecting a partition among the many heirs of the decedent. This petition was served on the attorney for absent heirs and notice of the application was published according to law.
After publication of notice in “The Gazette”, a weekly newspaper published at Farmerville, Union Parish, Louisiana, on June 7 and June 28,1979, and no opposition having been filed to the proposed sales, judgment authorizing the executor to make the sales was signed on July 11, 1979.
On July 30, 1979, at which time the sales had obviously been consummated, the executor filed a proposed Tableau of Distribution, requested that notice of its filing be published in accordance with law, and he be authorized to pay the debts shown thereon in the absence of opposition.
*1056 Por the first time appellants made an appearance in this proceeding by filing an opposition to the Tableau of Distribution on August 9, 1979.
On August 13, 1979, appellants filed a petition to annul the will and set aside the sales.
Exceptions, two dilatory and one peremptory, were filed by the executor to the August 13, 1979 petition to annul.
The record discloses no action taken in the trial court on either the opposition to the tableau or the three exceptions before the present appeal was taken.
In this court the executor filed a motion to dismiss the appeal on the grounds that none of the alleged assignments of error and the issues presented on appeal were either pleaded or raised in the trial court and no evidence was adduced in connection therewith and, therefore, under Rule IX-A, Uniform Rules of the Courts of Appeal, the court should not consider these matters not determined contradictorily in the trial court before appeal.
At first blush it would appear that this motion is very meritorious and should be sustained. However, we are impressed with the rationale and disposition of a very similar situation by our brethren of the Fourth Circuit in Succession of Joseph Patrick Doneilan, 262 So.2d 526 (1972).
In that case the surviving widow in community of decedent caused herself to be placed in possession of all of decedent’s property with allegations of two marriages by decedent, the first wife’s'death without issue, and no children born to decedent or any adoption by decedent of any person. The widow supported these allegations with an affidavit of death and heirship, whereupon a judgment of possession was duly signed placing her in possession of certain real estate and all other property left by decedent.
One week after that judgment was signed another person filed a petition to annul the judgment of possession, alleging that she was the adopted daughter of decedent and his first wife and attaching a copy of the act of adoption to her petition. She further alleged that the fact of her adoption was well known to the surviving widow; that certain assets of decedent were omitted from the original petition; and sought to annul the possession judgment for ill practice under Louisiana Code of Civil Procedure Art. 2004. Exceptions to this petition to annul were filed by the surviving widow, but were never disposed of before a petition for devolutive appeal from the judgment of possession was filed.
Appellee there questioned the right of appellant to prosecute that appeal, contending it was an effort to try the facts of heirship in the appellate court rather than the trial court where the petition for nullity was still pending.
Judge Boutall, as organ of the court in the Doneilan case, pointed out that the adopted daughter had a right to appeal under La. Code of Civil Procedure Arts. 2083 and 2086. He found that Succession of Lissa, 194 La. 328, 193 So. 663 (1940), answered appellee’s contention by holding that a prospective heir had a right to appeal from an ex parte judgment of possession in which his heirship was not recognized.
Finally, Judge Boutall concluded that, while appellant in Doneilan had a right to appeal, the exercise of that right was to no avail on the merits, because the only evidence before that court on the appeal was the verified petition and affidavit of death and heirship filed in support thereof and they afforded ample proof to support the judgment appealed. That court declined to consider allegations of appellant’s petition for nullity and the act of adoption attached thereto, holding that their introduction as evidence is governed by the rules applicable to ordinary cases — La.C.C.P. Arts. 2823 and 2824 — and, therefore, there was before the court no countervailing evidence to dispute the facts contained in the affidavits of death and heirship. For this reason the court affirmed the judgment of possession, but was careful to point out that this action did not close the matter of heirship and right to possession of decedent’s estate nor did it preclude appellant from proceeding *1057 with her petition for nullity in the trial court.
We find that appellants here are in substantially the same position as the adopted daughter in Donellan. They have appealed from a judgment authorizing the executor to sell two tracts of real estate at private sale, which judgment was preceded by proper petition, service on the attorney for absent heirs, duly published notice of the proposed sale, and no opposition filed as evidenced by the certificate of the Clerk of Court.
The record discloses no irregularity in the succession proceedings to the point of that judgment. Decedent’s nuncupative testament by public act had been ordered recorded and executed under La.C.C.P. Art. 2891 and its nullity can be declared only after a contradictory hearing in the trial court. (La.C.C.P. Arts. 2933 and 2931).
We conclude that, as in Donellan, we cannot consider as evidence the allegations of the petition to annul pending in the trial court and, therefore, there is no countervailing evidence to the succession proceeding leading up to the judgment appealed from.
For this reason the motion to dismiss filed in this court is overruled and the judgment appealed from is affirmed at appellants’ cost.
This, of course, is not in any manner intended to preclude appellants from asserting whatever rights they may have in seeking to annul the will or to set aside the sales in the pending petition to annul or other appropriate proceedings in the trial court.